[No. 34184. Department Two. March 13, 1958.]

THE CITY OF SEATTLE, *Respondent*, v. LEON GREEN, *Appellant.*[1]

[1]Reported in 322 P. (2d) 842.

*E. K. Marohn*, for appellant.

*A. C. Van Soelen, Frank W. Draper*, and *Thomas J. Owens*, for respondent.

ROSELLINI, J.—The defendant was charged in the police court, Seattle, King county, Washington, with illegal possession of alcoholic liquor and was found guilty. He appealed to the superior court, where the jury returned a verdict of guilty. Appealing to this court, he raises a number of objections to the proceedings in the trial court, one of which is determinative of the case.

The complaint, filed by an officer of the Washington state liquor control board, charged that,

"On or about the 29th day of April, 1956, at the City of Seattle, in King County, Washington, the said Defendant did commit a misdemeanor as follows, to-wit: Then and there being the said defendant did wilfully and unlawfully have possession of certain intoxicating liquor, to-wit: Whiskey, at 418 Maynard Avenue, with intent to sell the same, all of which is contrary to Ordinance No. 69284, Sections 2 of the City of Seattle, entitled 'An Ordinance relating to the manufacture, importation, transportation, possession, distribution and sale of certain alcoholic liquors, and amending Sec. 2, of Ordinance No. 64599,' approved June 22, 1939, and against the public welfare and good order of the City of Seattle."

Section 2 of Ordinance No. 69284 provides:

"It shall be unlawful to manufacture, import, transport, possess, distribute or sell liquor, as defined herein or in the Washington State Liquor Act (Chap. 62, Laws of 1933, Ex. Ses., as amended) except as authorized or permitted by the provisions of said Act."

At the time this ordinance was passed, the definition of unlawful possession was contained in the Laws of 1937, chapter 144 § 1, p. 518, which provided:

"Any person who shall keep or possess liquor on premises conducted or maintained by him as principal or agent, with the intent to sell the same contrary to provisions of this act, shall be guilty of a gross misdemeanor. The possession of liquor by such principal or agent on premises conducted or maintained, under Federal authority, as a retail dealer in liquors, shall be *prima facie* evidence of the intent to sell liquor." (*cf.* RCW 66.44.170.)

This act was amended in 1955, and the first sentence now reads:

"Any person who keeps or possesses liquor upon his person or in any place, or on premises conducted or maintained by him as principal or agent with the intent to sell it contrary to the provisions of this title, shall be guilty of a violation of this title." RCW (Sup. 1955) 66.44.170.

The ordinance has not been amended to include this new definition.

■ The defendant maintains that the complaint and the proof were insufficient to support a conviction under the ordinance, since no attempt was made to show that he conducted or maintained the premises at 418 Maynard avenue. The overt act of conducting or maintaining premises at which the defendant possesses liquor with the intent to sell it unlawfully was held to be a necessary element of the misdemeanor as this court interpreted the statute in *State v. Stump*, 16 Wn. (2d) 140, 132 P. (2d) 727, wherein it was contended that the statute was unconstitutional, in that it made intent, in and of itself, a crime.

■ The city's proof showed that the defendant had sold a bottle of whisky in a hotel doorway next door to a

cabstand at 418 Maynard, and that he had a key to a locker in the cabstand where additional bottles, the ownership of which he admitted, were found. But the evidence is devoid of any showing that the defendant had any connection with the premises other than the permissive use of the locker; and in this respect the complaint and the proof were fatally defective.

Of course, had the city adopted the subsequent amendment of the liquor act, the definition contained therein would have been broad enough to include the defendant's type of possession. As we have said, the ordinance has not been amended to adopt the new and broader definition of possession (on the constitutionality of which we make no comment), and it is not suggested that there can be found in the language of ordinance No. 69284 an expressed intent to include subsequent amendments to the adopted statute.

■■ The general rule is that, when a statute is adopted by specific descriptive reference, the adoption takes the statute as it exists at that time, without subsequent amendments; but, when the language of the adopting act evidences legislative intent to include subsequent amendments, courts will give effect to that intent. *Pacific First Federal Savings & Loan Ass'n v. Pierce County*, 27 Wn. (2d) 347, 178 P. (2d) 351. The same rules of statutory construction apply to the interpretation of municipal ordinances as to the interpretation of state statutes. *Sandona v. Cle Elum*, 37 Wn. (2d) 831, 226 P. (2d) 889.

■ The city's sole argument in support of its proof is that a locker comes within the definition of "premises" as used in the statute. With this we cannot agree. "Premises" is defined in Webster's New International Dictionary, second edition, unabridged (1954), as

"The property conveyed in a deed; hence, in general, a piece of land or real estate; sometimes, esp. [especially] in fire insurance papers, a building or buildings on land; as to lease *premises*; the *premises* insured. Sometimes loosely applied to personal property, as a vessel."

■ Criminal statutes generally are construed strictly against the state and in favor of the accused. *State v.*

*Thompson,* 38 Wn. (2d) 774, 232 P. (2d) 87. Only by a definition of the word "premises" so loose as to be unique could this court hold that a locker comes within its meaning. The judgment must therefore be reversed and the cause dismissed.

DONWORTH, FINLEY, and FOSTER, JJ., concur.

HILL, C. J., concurs in the result.