## WILKINS *v.* STATE

[No. 133, September Term, 1964.]

*Decided December 18, 1964.*

The cause was submitted to PRESCOTT, C. J., and HORNEY, MARBURY, SYBERT and OPPENHEIMER, JJ.

Submitted on brief by *Samuel M. Campanaro* for the appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, Franklin Goldstein, Assistant Attorney General, William J. O'Donnell, State's Attorney for Baltimore City,* and *George J. Helinski, Assistant State's Attorney,* for the appellee.

PER CURIAM.

The appellant, found guilty by the court sitting without a jury of assault, robbery, robbery with a dangerous weapon, and larceny, after he had held up a grocery store owner at gun point and taken some four hundred seventy dollars from the cash register, argues on appeal that his arrest was illegal, he was not provided with a lawyer at the preliminary hearing before a magistrate, the State failed to prove the ownership of the money taken, his motion for a directed verdict on the larceny count of the indictment should have been granted, and the evidence was insufficient to support the conviction.

There is no substance to any of the contentions. The arrest would appear to have been entirely legal (probable cause to believe that the appellant had committed a felony could reasonably have been believed by the arresting officer who was told by the victim of the details, including a description of the robber and his usual "hang-outs," a description of the female who accompanied the robber, the apprehension of the female and then, after the receipt of information from her, the arrest of the appellant). However, in any event, no evidence resulting from the arrest was received into evidence against the accused, except his statement to the police, to which, at the trial, he made no objection as evidence and which, indeed, he expressly conceded was voluntarily made (probably because it was to a large extent, exculpatory) ; so that the illegality of the arrest, if illegality there was, was immaterial.

The appellant pleaded not guilty before the magistrate and therefore no constitutional right of his was violated because he was not then represented by counsel. *Arrington v. Warden,* 232 Md. 672; *Simms v. Warden,* 234 Md. 652; and *DeToro v.*

*Pepersack,* 332 F. 2d 341 (4th Cir.). Appellant did not below and does not here claim that he asked for counsel while he was in police custody or that his statement was inadmissible against him because it was made while he had no lawyer and, although that point is not before us, Md. Rule 885, if it were, the *Escobedo* case (378 U. S. 478, 12 L. Ed. 2d 977) would not apply. See *Mefford and Blackburn v. State,* 235 Md. 497. Counsel who had been appointed by the Court represented him at the trial.

There was ample evidence in the testimony of Mrs. Korotki, who was at the cash register when it was robbed, and of the employees of the store, from which the trier of fact properly could have inferred that the store and the money in it were owned by Mrs. Korotki.

The appellant's arguments as to the larceny count are that it is bad for vagueness because, although it charges that appellant feloniously stole the monies of Mrs. Korotki, it does not state the amount. Appellant did not challenge the sufficiency of the indictment before trial, as Md. Rule 725 b requires, as to defects other than lack of jurisdiction or that the indictment does not charge an offense. The sixth count did contain all the allegations necessary to charge the larceny of sufficient money belonging to Mrs. Korotki to constitute a violation of Sec. 340 of Art 27 of the Code (1957 Ed.), which deals with the taking of personal property of a value of $100.00 or more. See *Putnam v. State,* 234 Md. 537. The motion for judgment of acquittal went to the sufficiency of the evidence to sustain the charge made in the sixth count. The State proved the amount of money taken, as well as the other necessary allegations made in that count.

Without reviewing the testimony, we find, as indicated by what we have already said, that it was ample to support the general verdict of guilty.

*Judgment affirmed.*