SPECTOR, Judge.
Appellant was tried on an information charging him with resisting arrest with violence. A jury found him guilty of resisting arrest without violence and he was sentenced to eleven months in the county jail. He now seeks review of his conviction.
For reversal, appellant contends that the trial judge should have granted his motion for directed verdict since, as he views it, the arrest which he is alleged to have resisted was illegal and even if the evidence did show he resisted, he had a right to resist the officer. We do not agree with appellant’s'thesis and affirm for the reasons hereafter set out.
Appellant was in a Leon County cafe late one night. He appeared to the owner to he drunk and left the cafe at a high rate of speed. A few minutes later, the owner heard an automobile crash and called the police. Trooper Rhodes of the Florida Highway Patrol responded to the call and on investigation at the scene of the accident, he found appellant there. Appellant appeared to be intoxicated, but Trooper Rhodes did not immediately arrest him for any traffic offense. Observing that appellant had a cut on his arm, Trooper Rhodes took him to the emergency room of the Tallahassee Memorial Hospital so that his arm could be treated. After appellant’s arm had been treated, which was some three hours later during which time the trooper waited at the hospital, appellant was placed under arrest for driving while intoxicated. Rhodes testified that in resisting arrest, the defendant struck him in the face. The nurses in attendance at the hospital corroborated the trooper’s statement that defendant appeared to be intoxicated.
Officer Robert Deason of the Tallahassee Police Department who was working the case with the Florida Highway Patrol corroborated Trooper Rhodes’ testimony that the defendant struck Rhodes after he had been placed under arrest.
It is contended by appellant that his arrest by Rhodes was invalid because the offense, driving while intoxicated, is only a misdemeanor; and since the offense was committed outside the trooper’s presence, the latter having arrived at the scene after the driving terminated, the arrest was not lawful. Next appellant asserts that the arrest being unlawful, he had a right to resist, citing Roberson v. State, 43 Fla. 156, 29 So. 535, 52 L.R.A. 751 (1901).
We recognize that the general statute on arrest, Section 901.15, Florida Statutes, F.S.A., authorizes a police officer to arrest without a warrant for a misdemeanor only when such offense is committed in his presence. Zirpolo v. State, 168 So.2d 681 (Fla.App.3d 1964); Riddlehoover v. State, 198 So.2d 651 (Fla.App.1967); City of Miami v. Newton, 13 Fla.Supp. 172 (1958). Although the cited statute and cases clearly require a warrant in instances where the misdemeanor is not committed in the presence of the arresting officer, the general rule has been modified as it relates to traffic offenses by the enactment of Section 317.111, Florida Statutes, 1963, F.S.A., which states:
“A police officer at the scene of a traffic accident may arrest any driver of a vehicle involved in the accident when, based upon personal investigation, the officer has reasonable and probable grounds to believe that the person has committed any offense under the provisions of this chapter in connection with the accident.”
It is to be noted that Section 317.011(33), Florida Statutes, which defines the phrase “police officer” as used in Chapter 317, includes within the meaning of said phrase “Florida highway patrolmen”.
The appellant contended below, as he does here on appeal, that since his arrest did *35 not take place “at the scene of a traffic accident”, it does not come within the said statute’s authority to arrest without a warrant. The lower court rejected this contention holding that the scene of a traffic accident included such places as a hospital emergency room when it was a reasonable and probable result of an accident that a defendant would require immediate attention for injuries sustained.
We agree with the trial judge’s interpretation of the statute not only for the reason stated, but for the further reason that by enacting Section 317.111, Florida Statutes, F.S.A., the legislature intended to empower any police officer who has reasonable and probable grounds to believe that a driver has committed an offense under Chapter 317 as a result of an investigation made by that officer at the scene of an accident to arrest such person. There is no express requirement in the statute requiring that the arrest occur at the scene of the accident or at any other particular place. The phrase “at the scene” modifies the preceding words, “A police officer”.
In the case at bar there seems to be no question that the arresting officer was present at the scene of an accident and that as a result of his investigation he gained reasonable and probable grounds to believe that the driver, appellant here, had committed an offense proscribed by Chapter 317. It is of no moment that the officer did not formally place appellant under arrest until after he had received treatment for his injuries sometime later at the hospital.
Appellant made two mistakes as revealed by the record in this case: first, he drove his car while intoxicated; ■ and, second, he hit a law enforcement officer in the face while the latter was performing his duty.
Affirmed.
WIGGINTON, C. J., and CARROLL, DONALD K., J., concur.