[No. 42735.    Department One.    July 11, 1974.]

*In the Matter of the Application for a Writ of Habeas Corpus of* JOSEPH CERNY III, *Petitioner, v.* SIDNEY E. SMITH, *as Secretary of the Department of Social and Health Services, Respondent.*

[See 5 Am. Jur. 2d, Arrest § 48.]

*Freise & Lutcher,* by *Gregory L. Lutcher,* for petitioner (appointed counsel for appeal).

*Slade Gorton, Attorney General,* and *Thomas A. Prediletto, Assistant,* for respondent.

FINLEY, J.—Petitioner Joseph Cerny by a writ of habeas corpus seeks this court's review of the circumstances surrounding his arrest and conviction for a felony-murder which occurred in 1968. *See State v. Cerny,* 78 Wn.2d 845, 480 P.2d 199, death sentence vacated, 408 U.S. 939, 33 L. Ed. 2d 761, 92 S. Ct. 2873 (1971). Contrarily, the Attorney General's office, in behalf of respondent Smith, asserts that the petition fails to state a claim upon which relief may be granted in habeas corpus, and therefore moves for denial and dismissal of the writ.

The facts pertinent to the petition for habeas corpus are essentially these: In November of 1957 petitioner Cerny pled guilty to a charge of taking a motor vehicle without the owner's permission. He was given a deferred sentence and granted probation, a condition of which was that he was required to serve 202 days in the King County jail with a credit of 199 days for time already spent in jail. In March of 1959 his probation was revoked and the defendant was sentenced to serve a maximum term of not more than 10 years.

On November 12, 1968, petitioner was released on parole from Washington State Penitentiary at Walla Walla. Cerny and another parolee were picked up in Walla Walla by Michael Morris and they proceeded to drive to Olympia, Washington.

On the evening of November 16, 1968, two men, masked with strips of adhesive or similar tape and armed with guns, entered and robbed the Lake City Shoprite. During the commission of the crime, one of the robbers shot, and fatally wounded, one George Washington Howard, a customer who attempted to thwart the robbery. Following the shooting, the robbers left the store and escaped by automobile. A witness pursuing the robbers in his automobile was fired upon twice. Although his attempts at capture were unsuccessful, the witness was able to obtain a description of the getaway vehicle and its license number.

Sometime after the robbery and on the same evening, one Michael Morris reported to the Tumwater Police Department that his automobile had been stolen from the

parking lot of a Tumwater motel (located approximately 25 miles from the scene of the robbery). Morris' vehicle was found by police the following morning in the back of the parking lot of the Tumwater motel. The vehicle matched the pursuing witness' description of the getaway car; and, but for one letter, its license number coincided with the license of the robbers' vehicle as remembered by the witness.

*State v. Cerny, supra* at 846-47.

While the police were inside the motel checking with the management "to see if there was any suspicious person there that checked in during the past couple days or so," Morris, his wife, and Cerny drove into the parking lot and parked adjacent to the "stolen" vehicle. Morris walked around the vehicle which he had reported stolen and looked under the hood and into the trunk. He then produced an ignition key and unsuccessfully attempted to start the automobile. Apparently, he was approached at this time by the police officers who asked him to step out of the car. They then checked the vehicle's ignition for signs of "hot wiring." No evidence of tampering was found and an unconnected ignition wire was diagnosed as the reason the vehicle's motor did not start.

At this point, Cerny and Mrs. Morris were asked to step out of the vehicle in which they had arrived. Cerny was placed under arrest on a "parole hold" after the arresting officers had communicated with a parole officer in Seattle. Morris was likewise placed under arrest.

Cerny's petition for habeas corpus as to his sentence for motor theft in 1957 asserts that he should have been given credit upon the maximum 10-year sentence for a total of 202 days served in jail 199 days prior to sentencing and 3 days as a condition of deferral of sentence and the granting of probation. He argues that if he had been given credit on his 10-year motor theft sentence that he would not have been under parole in November of 1968, but would have been a free man and not subject to a parole hold by the arresting officers at the Tumwater motel. Petitioner's calculation is

that if proper credit had been given, his sentence should have properly terminated in September 1968. Thus argues petitioner, his arrest at the Tumwater motel was illegal because he was not, in fact, a parolee and therefore he could not be arrested as such. Accordingly, he states, the motel key found on his person pursuant to that arrest was seized in violation of the Fourth Amendment and could not be offered against him in evidence.

What petitioner fails to appreciate is that "probable cause to arrest" is to be derived or determined from the exigent circumstances which surround the arrest. As this court has repeatedly stated:

> The authority of police officers to make an arrest without a warrant is restricted to (1) where there has been a misdemeanor committed in the presence of an arresting officer, or (2) when the arresting officer has probable cause to believe that the person or persons arrested have committed a felony.

*State v. Wilson,* 70 Wn.2d 638; 641, 424 P.2d 650 (1967). *See also State v. Hughlett,* 124 Wash. 366, 214 P. 841 (1923). The guiding Fourth Amendment criterion regarding the sufficiency of warrantless arrests has been expressed by the United States Supreme Court as:

> When the constitutional validity of an arrest is challenged, it is the function of a court to determine whether *the facts available to the officers at the moment of the arrest* would "warrant a man of reasonable caution in the belief" that an offense has been committed.

(Italics ours). *Beck v. Ohio,* 379 U.S. 89, 96, 13 L. Ed. 2d 142, 85 S. Ct. 223 (1964). *Cf. Terry v. Ohio,* 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968). Hence, it is immaterial whether Cerny's correct status when arrested at the Tumwater motel was that of a parolee or that of a free person. Instead, we must examine the exigent circumstances to determine whether the arresting officers could have reasonably believed there was probable cause to arrest.

Again examining the facts: The police located at the Tumwater motel a vehicle which had been reported stolen

and which they had very convincing reasons to believe was used in a robbery-murder the previous day. While the vehicle was in custody, Cerny and Morris, both parolees, showed up and tried to start the vehicle which previously had been reported to the police by Morris as a stolen car. The car, upon investigation, revealed no signs of "hotwiring" or tampering. Additionally, Morris and Cerny were not directed by the police to the site of the stolen vehicle, but appeared there on their own, unexplainedly. The arresting officers thoroughly checked out Cerny's parolee status with a Seattle parole officer. It seems to us there were ample facts upon which the police officers at the time of the arrest could have reasonably believed that Morris and Cerny were involved in the felony-murder of the previous day. In our opinion, therefore, there was probable cause to arrest petitioner Cerny at the Tumwater motel.

Petitioner makes several other allegations which do not merit discussion. The petition for habeas corpus should be denied. It is so ordered.

HALE, C.J., and ROSELLINI, HUNTER, and UTTER, JJ., concur.