[No. 5523-1.   Division One.   March 6, 1978.]

THE STATE OF WASHINGTON, *on the Relation of William B. McDonald, Appellant,* v. WHATCOM COUNTY DISTRICT COURT, *Respondent.*

*David S. McEachran, Prosecuting Attorney,* and *Dennis J. De Felice, Deputy,* for appellant.

*Edward B. Ross,* for respondent.

PER CURIAM.—The sole issue on appeal is whether RCW 46.64.017 grants a law enforcement officer the authority to make an arrest at a place removed from the immediate scene of the accident. The statute provides in pertinent part as follows:

A law enforcement officer investigating at the scene of a motor vehicle accident may arrest the driver of a motor vehicle involved in the accident if the officer has probable cause to believe that the driver has committed in connection with the accident a violation of the traffic laws or regulations.

The parties stipulated to the following facts on appeal: Trooper Ken Knies of the Washington State Patrol investigated a 1–car accident which occurred about 30 minutes before his arrival. When the trooper arrived, the driver of the automobile involved had already been removed from the scene to a hospital. While investigating at the scene, the trooper learned that the driver and registered owner of the automobile was William B. McDonald. He also learned that McDonald had been drinking prior to the accident. Trooper Knies then went to the hospital where, after McDonald's refusal to answer questions or submit to tests, he arrested McDonald for driving a motor vehicle while under the influence of intoxicating liquor.

On the basis of the above facts, the trial court concluded that there had been an illegal arrest and dismissed the charges against McDonald. The State appeals.

The State maintains that the legislature intended to allow an investigating officer to arrest a suspected drinking driver so that a Breathalyzer test might be administered and did not intend to allow a drinking driver to escape detection when taken to a hospital before an officer arrives.

The State contends that the statute should be broadly construed to give effect to the legislative intent and that

the words "investigating at the scene" should be read to modify "officer" and define who may make the arrest and not where the arrest may be made. In the alternative, the State urges that the "scene" of an accident should be broadly construed to include the hospital bed to which McDonald was taken. The State relies on *Ross v. State,* 215 So. 2d 33 (Fla. 1968), which generally supports both interpretations. The trial court declined to give the Washington statute such an expansive reading. We agree.

■ At common law, an arrest without a warrant is permissible only when a misdemeanor has been committed in the presence of an arresting officer or when the arresting officer has probable cause to believe that a felony has been committed. *Carroll v. United States,* 267 U.S. 132, 69 L. Ed. 543, 45 S. Ct. 280, 39 A.L.R. 790 (1924); *Street v. Surdyka,* 492 F.2d 368 (4th Cir. 1974). Washington follows the common–law rules on warrantless arrest. *Cerny v. Smith,* 84 Wn.2d 59, 62, 524 P.2d 230 (1974). RCW 46.64-.017, being a statute in derogation of the common law, must be strictly construed and limited to its plain intent. *Andrews Fixture Co. v. Olin,* 2 Wn. App. 744, 749, 472 P.2d 420 (1970); *Marble v. Clein,* 55 Wn.2d 315, 318, 347 P.2d 830 (1959).

Strict construction does not allow us to give the statute the broad reading urged by the State. To strictly construe a statute means that given a choice between a narrow, restrictive construction, and a broad, more liberal interpretation, the first option must be chosen. *Pacific Northwest Annual Conference of the United Methodist Church v. Walla Walla County,* 82 Wn.2d 138, 508 P.2d 1361 (1973). The words "at the scene" and "investigating" imply a specific place and time and limit rather than expand the officer's power to arrest. To interpret "the scene of a motor vehicle accident" to include a hospital room where a victim might be taken stretches the plain meaning of the words and is inconsistent with strict construction.

■ RCW 46.64.017 allows an officer investigating a motor vehicle accident to arrest without a warrant only at

the scene of the accident. The "scene" is the place where the accident occurred. A hospital to which a suspect may have been taken is not the scene of the accident.

Affirmed.

Petition for rehearing denied March 30, 1978.

Review granted by Supreme Court October 25, 1978.