[No. 45541. En Banc. April 12, 1979.]

THE STATE OF WASHINGTON, *on the Relation of William B. McDonald, Petitioner,* v. WHATCOM COUNTY DISTRICT COURT, *Respondent.*

*David S. McEachran, Prosecuting Attorney,* and *Philip A. Serka, Deputy,* for petitioner.

*Edward B. Ross,* for respondent.

WRIGHT, J.—The sole issue in this case is whether a law enforcement officer who has investigated an accident at the scene thereof may thereafter arrest the driver or one of the drivers involved at a place away from the accident scene. The District Court held the arrest to be illegal and dismissed the charges against defendant (relator herein), the Superior Court modified the dismissal to be without prejudice and affirmed. The Court of Appeals affirmed the judgment. We also affirm.

The facts are agreed to by the parties. Trooper Ken Knies of the Washington State Patrol investigated a 1–car accident which occurred in Whatcom County. He arrived about 30 minutes after the accident, and the driver had by then been removed to a hospital. Upon making an investigation at the scene of the accident the trooper ascertained that William B. McDonald was the driver and also was the registered owner of the vehicle. He was also informed that McDonald had been drinking and had been removed to a hospital. The trooper went to the hospital. McDonald was uncooperative and refused to take any tests or to answer any questions. The trooper then arrested McDonald for driving while under the influence of intoxicating liquor.

The statute under the terms of which the trooper was attempting to act was RCW 46.64.017. The relevant part of that statute reads:

> A law enforcement officer investigating at the scene of a motor vehicle accident may arrest the driver of a motor

vehicle involved in the accident if the officer has probable cause to believe that the driver has committed in connection with the accident a violation of the traffic laws or regulations.

The first question to be answered is whether the statute is ambiguous. The contention of the prosecution is that the language "A law enforcement officer investigating at the scene of a motor vehicle accident" only serves to identify the officer. That view is that the restriction applies only to which officer may arrest, and not to where he may arrest. The other view, however, is that the quoted language applies both to the identity of the officer and where the arrest may be made.

When one considers the amount of litigation that has arisen over this question, the fact that herein every court which has passed on the question has determined the language is ambiguous, and the fact that two divisions of the Court of Appeals have reached different results, there can be little doubt that the language is ambiguous. *See State ex rel. McDonald v. Whatcom County Dist. Ct.*, 19 Wn. App. 429, 575 P.2d 1094 (1978) and *Bremerton v. Wetherell*, 19 Wn. App. 1026 (1978).

When the language of a statute is ambiguous, it is a judicial function to determine the true meaning. *State ex rel. Humiston v. Meyers*, 61 Wn.2d 772, 777, 380 P.2d 735 (1963). Upon assuming our duty to interpret the statute we find several rules which we may use to aid our inquiry.

At the common law an officer could not arrest for a misdemeanor without a warrant unless the misdemeanor was committed in his presence. *Cerny v. Smith*, 84 Wn.2d 59, 62, 524 P.2d 230 (1974). Statutes in derogation of the common law are always strictly construed. We said in *State v. Grant*, 89 Wn.2d 678, 683, 575 P.2d 210 (1978): "This statute, being in derogation of the common law, must be strictly construed." *See also Marble v. Clein*, 55 Wn.2d 315, 318, 347 P.2d 830 (1959).

Another rule sometimes called the "rule of lenity" is to the effect that in a criminal case any ambiguity in a

statute must be resolved in favor of the defendant. *State v. Grant, supra* at 685; *State v. Arndt,* 87 Wn.2d 374, 385, 553 P.2d 1328 (1976); *Seattle v. Green,* 51 Wn.2d 871, 874, 322 P.2d 842 (1958); *State v. Thompson,* 38 Wn.2d 774, 779, 232 P.2d 87 (1951).

Either or both of the above mentioned rules would dictate that the ambiguous language be construed in favor of the defendant.

■ The State relies upon the case of *Ross v. State,* 215 So. 2d 33 (Fla. 1968). There are extremely important differences between *Ross* and the instant case. In *Ross* the defendant committed one of the crimes with which he was charged in the presence of the officer, to wit: an assault upon the person of the officer. Another difference was that in *Ross* the officer saw Ross at the scene of the accident and the officer transported him to the hospital. Under our reading of the facts, Ross' arrest may well have taken place at the scene of the accident when Ross was put in the patrol car since it is obvious he was not free to leave after that time. That case, while involving a similar statute, is not authority in the instant case.

It is for the legislature to extend the authority of law enforcement officers to arrest for misdemeanors not committed in their presence. If the legislature in fact wishes an officer to be permitted to arrest in this situation, it should do so with clear, unambiguous and unequivocal language.

For the reasons stated, the decisions of the Court of Appeals, the Superior Court and the District Court must be, and are, affirmed.

ROSELLINI, STAFFORD, BRACHTENBACH, HICKS, and WILLIAMS, JJ., concur.

UTTER, C.J. (dissenting)—I dissent. The majority characterizes the statute in question, RCW 46.64.017, as ambiguous, and then proceeds to resolve the ambiguity in favor of the defendant. The relevant part of the statute reads:

> A law enforcement officer investigating at the scene of a motor vehicle accident may arrest the driver of a motor vehicle involved in the accident if the officer has probable cause to believe that the driver has committed in connection with the accident a violation of the traffic laws or regulations.

I find no ambiguity in the statute and there is no statutory restriction on where the arrest may be made.

Using standard rules of grammatical construction, the adverbial phrase "at the scene of a motor vehicle accident" modifies the participle "investigating" which in turn modifies the subject of the sentence, "a law enforcement officer". The phrase "at the scene of a motor vehicle accident" does not modify the verb phrase "may arrest" and there is, therefore, no statutory restriction on where the arrest may be made. If the legislature had wished to enact such restrictions, it could have done so.

The legislature's purpose is apparent. The arrest permitted may last no longer "than is reasonably necessary to issue and serve a citation and notice", unless the arrest is for driving under the influence of alcohol or drugs, or the arrested person refuses to acknowledge his obligation to appear in court. By this provision the legislature intended that an officer have the authority necessary to bring to justice one who by unlawful operation of a motor vehicle has caused injury to persons or damage to property. The authority is properly limited to that which is necessary to achieve its purpose. Once a person has been cited and acknowledges his duty to appear, he is released unless there is suspicion of intoxication, in which case custody may be necessary for a lawfully administered test for intoxication.

The necessity for the arrest authority, as it is properly circumscribed in the provision, is no less when the investigating officer finds the suspect some distance from the scene of the accident, such as here, in a hospital.

Statutes are frequently unclear, but this is one case where, following standard rules of grammar, and reading the statute to understand its apparent intent, clarity does

40

exist. I would hold that McDonald was legally arrested under RCW 46.64.017. The decisions of the Court of Appeals, the Superior Court, and the District Court should be reversed.

HOROWITZ and DOLLIVER, JJ., concur with UTTER, C.J.

Reconsideration denied July 12, 1979.