[No. 3554-9-III. Division Three. June 10, 1980.]

THE CITY OF PASCO, *Appellant,* v. GENE
R. TITUS, *Respondent.*

*Dennis J. DeFelice, City Attorney,* for appellant.

*Gene R. Titus,* pro se, and *Benton S. Clark, Jr.,* for respondent.

ROE, J.—We reverse the trial court because the judge dismissed the charge against the defendant solely on the ground the defendant was illegally arrested. The defendant was charged with violating a city ordinance requiring him to leave information at the scene of an accident.

We assume the arrest was illegal; hence, all evidence immediately obtained from the defendant or as the result of the arrest should be suppressed.

The City resisted defendant's motion for dismissal because it allegedly had two independent witnesses who could support the City's charges. Such testimony proved sufficient to convict in the municipal court from which an appeal was taken to the Superior Court. In dismissing the charge at a pretrial hearing, the court relied on *State ex rel. McDonald v. Whatcom County District Court,* 92 Wn.2d 35, 593 P.2d 546 (1979).[1]

---

[1]The City of Pasco appeals pursuant to RAP 2.2(b)(1):

"**(b)** . . . The State or a local government may appeal in a criminal case only from the following superior court decisions and only if the appeal will not place the defendant in double jeopardy:

In *Ker v. Illinois,* 119 U.S. 436, 30 L. Ed. 421, 7 S. Ct. 225 (1886), the defendant sought reversal of an embezzlement conviction claiming he was kidnapped in Lima, Peru, and brought into Illinois against his will and contrary to law. The court held the due process of law guaranty applies to the forms and modes prescribed for trials, and mere irregularities in the manner in which the defendant may be brought into custody of law are not grounds for holding he should not be tried for the crime with which he is charged.

> There are authorities of the highest respectability which hold that such forcible abduction is no sufficient reason why the party should not answer when brought within the jurisdiction of the court which has the right to try him for such an offence, and presents no valid objection to his trial in such court.

*Ker v. Illinois, supra* at 119 U.S. 444, 7 S. Ct. 229.

In *Frisbie v. Collins,* 342 U.S. 519, 522, 96 L. Ed. 541, 72 S. Ct. 509, 511–12 (1952), the court stated:

> This Court has never departed from the rule announced in *Ker v. Illinois,* 119 U. S. 436, 444, that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a "forcible abduction." No persuasive reasons are now presented to justify overruling this line of cases. They rest on the sound basis that due process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will.

(Footnote omitted.)

---

"(1) *Final Decision, Except Not Guilty.* A decision which in effect abates, . . . the case other than by a judgment or verdict of not guilty, including . . . a decision . . . dismissing an indictment or information."

Although *Ker* and *Frisbie* were decided prior to the adoption of the exclusionary rule,[2] yet cases subsequent thereto reinforce the prior holdings. In *Wong Sun v. United States,* 371 U.S. 471, 9 L. Ed. 2d 441, 83 S. Ct. 407 (1963), the defendant was illegally arrested. Yet that was not a basis for dismissal, and his unsigned confession, which was not the fruit of that arrest because it had become so attenuated as to dissipate the taint, was properly admitted at trial.

In *Gerstein v. Pugh,* 420 U.S. 103, 119, 43 L. Ed. 2d 54, 68, 95 S. Ct. 854, 865 (1975), the court said, "Nor do we retreat from the established rule that illegal arrest or detention does not void a subsequent conviction", citing *Frisbie* and *Ker.*

In *United States v. Crews,* 445 U.S. 463, 474, 63 L. Ed. 2d 537, 100 S. Ct. 1244, 1251 (1980), the defendant was illegally arrested, but the court stated:

> Insofar as respondent [defendant] challenges his own presence at trial, he cannot claim immunity from prosecution simply because his appearance in court was precipitated by an unlawful arrest. An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction. *Gerstein v. Pugh,* 420 U. S. 103, 119 [43 L. Ed. 2d 54, 95 S. Ct. 854, 865] (1975); *Frisbie v. Collins,* 342 U. S. 519 [96 L. Ed. 541, 72 S. Ct. 509] (1952); *Ker v. Illinois,* 119 U. S. 436 [30 L. Ed. 421, 7 S. Ct. 225] (1886). The exclusionary principle of *Wong Sun* and *Silverthorne Lumber Co. [v. United States,* 251 U.S. 385, 64 L. Ed. 319, 40 S. Ct. 182, 24 A.L.R. 1426 (1920)] delimits what proof the Government may offer against the accused at trial, closing the

---

[2]In *United States v. Rosenberg,* 195 F.2d 583 (2d Cir. 1952), *aff'd,* 346 U.S. 273, 97 L. Ed. 1607, 73 S. Ct. 1152 (1953) (the atom spy case), presumably the defendants had been kidnapped from Mexico and brought to trial in the United States. Despite that action, the court in a criminal case was not divested of jurisdiction to try the defendants. Ultimately, the defendants were executed. Had there been any question of jurisdiction, it is doubtful that such an irrevocable result would have occurred.

courtroom door to evidence secured by official lawlessness.

(Footnote omitted.)

 Washington law is in harmony with the federal cases regarding the effect of illegal arrest.

In *State v. Ryan,* 48 Wn.2d 304, 293 P.2d 399 (1956), the court stated at pages 305–06:

> Where, for any reason, an arrest is invalid, but the defendant enters a plea of not guilty and is in court on the day of trial, the court has jurisdiction of his person. . . . Where the court has jurisdiction of the person of a defendant, it is not a ground for quashing or dismissing a criminal prosecution that he was not lawfully arrested.

(Citations omitted.)

In *State v. Melrose,* 2 Wn. App. 824, 828, 470 P.2d 552 (1970), the court found the defendant in a criminal case was unlawfully arrested, but held:

> The mere fact of unlawful arrest does not necessarily vitiate the conviction. It is the admission of evidence obtained incident to or as a result of the arrest that can upset the conviction. *Wilkins v. State,* 237 Md. 617, 205 A.2d 593 (1964).

In *State v. Kennedy,* 8 Wn. App. 633, 636, 508 P.2d 1386 (1973), the court stated:

> We need not discuss the validity of the initial entry [by officers] or the arrest of the three suspects because neither an invalid entry nor an unlawful arrest would invalidate the defendant's conviction. It is the admission of evidence obtained incident to or as a result of illegal activity which can upset the conviction. *State v. Melrose,* 2 Wn. App. 824, 470 P.2d 552 (1970). Evidence obtained from an independent source may be proved like any other evidence. *Carpenter v. United States,* 463 F.2d 397 (10th Cir. 1972).

We therefore hold that the fact of illegal arrest does not ipso facto justify a dismissal of the charge.

Since the trial court relied on *State ex rel. McDonald v. Whatcom County District Court, supra,* recourse to the

precise language of that case is appropriate. There, the court dismissed the charge following an illegal arrest for driving under the influence of intoxicating liquor since it was conceded that the officer's testimony would be essential to prove the case. However, that was not the issue. Rather, the court stated:

> The sole issue in this case is whether a law enforcement officer who has investigated an accident at the scene thereof may thereafter arrest the driver or one of the drivers involved at a place away from the accident scene.

*State ex rel. McDonald v. Whatcom County District Court, supra* at 36. The court held that under the then existing statute, the officer could not arrest. Since it was conceded in that case that his testimony was essential for conviction but was suppressed because of his illegal arrest, the correct result was to dismiss the case. But those facts are not applicable here.

We do not seek to enlarge the holding of *Whatcom County*. No authority has been cited to this court which requires dismissal of a charge merely because of an illegal arrest. We hold it does not.

In this case the trial court should not have dismissed the case but should have ruled that the municipality could not exploit the illegal arrest to gain evidence to prove the charge.

The order of dismissal in this case is reversed, and the cause is remanded for trial.[3]

GREEN, C.J., and MUNSON, J., concur.

Reconsideration denied June 18, 1980.

Review denied by Supreme Court August 15, 1980.

---

[3]In fairness to the trial court, it appears that the argument there centered around the *Whatcom County* holding. It was not favored with the cases cited in this opinion, nearly all of which are the result of this court's independent research.