727 P.2d 1282

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Elnorah Jean MOORE, Defendant-Appellant.**

**No. 16385.**

Court of Appeals of Idaho.

Oct. 31, 1986.

William J. Brauner, Caldwell, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

In this case we are asked to decide whether the driver of a motor vehicle who is involved in an accident may be cited the next day for operation of the vehicle at the time of the accident while under the influence of alcohol, or—if the driver is not cited at the scene of the accident—must the officer who investigated the accident utilize an arrest warrant issued by a court upon a showing of probable cause. We hold that the officer properly may cite the driver for the offense, the day after the accident, rather than resorting to a warrant of arrest.

The record reveals the following uncontested facts. On February 18, 1985, Elnorah Moore's car went off the road and hit a power pole. She went to a nearby house and called her husband, who arrived and called the sheriff's office to report the accident. When an officer arrived, he saw that Mrs. Moore was injured and called for an ambulance to take her to the hospital. The officer smelled alcohol on Mrs. Moore's breath and noticed that her eyes were bloodshot. In response to the officer's question, Mrs. Moore stated that she had been drinking. After she was taken to the hospital, the officer again talked with her and asked her to submit to a blood test. She agreed. Two tests were given, one for the hospital and one for evidentiary purposes. The hospital test indicated a blood alcohol content of .16%, while the evidentiary test indicated a .14%. The next day the officer went to Mrs. Moore's home and issued her a citation for driving while under the influence.

Pursuant to the citation, Moore appeared before a magistrate. She pled not guilty and filed a motion to dismiss the citation. Her motion challenged the authority of the officer to issue the citation anywhere other than at the scene of the accident. The magistrate agreed with Moore and dismissed the citation. On appeal to the district court, the district judge concluded that the officer did have the authority to issue the citation away from the scene of the accident. He reversed the magistrate's order of dismissal. The district court also concluded that Moore had waived any right to challenge the issuance of the citation by her appearance before the magistrate. Moore now appeals the district court's rulings.

Moore states the issues as follows: (1) whether issuance of the citation was proper; (2) whether issuance of the citation resulted in the denial of due process because she was not arrested with a warrant obtained from a court upon a showing of probable cause; (3) whether the district court was correct in holding that Moore had waived any challenge to the citation by her appearance before the magistrate. We affirm the decision of the district court on the ground that the investigating officer was authorized to issue and serve the citation at a time and place other than at the scene of the accident. Because this determination is dispositive, we need not discuss the remaining issues.

■ Preliminarily, our standard of review of a district court decision where the district court is sitting in an appellate capacity is one of free review. We examine the record independently of the district court's decision. *State v. Swartz*, 109 Idaho 1033, 712 P.2d 734 (Ct.App.1985).

This case involves application of I.C. § 49–1114. That statute provides:

Authority of officer to issue citation at scene of accident.—A police officer *at the scene of a traffic accident* may issue a written traffic citation, as provided by section 19–3901, Idaho Code, to any driver of a vehicle involved in the accident when, based upon personal investigation, the officer has reasonable and probable grounds to believe that the person had committed any offense under the provisions of this title in connection with the accident. [Emphasis added.]

Moore contends that the statute provides authority for an officer to issue a citation *only* at the scene of the accident. She argues that once the officer leaves the scene the officer may file charges only by executing a complaint under oath before a magistrate, who may issue an arrest warrant upon finding probable cause. I.C.R. 3 and 4. Since the officer here did not cite Moore at the time of the accident, she contends that the officer was required to appear before a magistrate. Failure to follow this procedure, according to Moore, requires dismissal of the charge. Thus, Moore interprets the words "at the scene of a traffic accident" as a limitation on *where* the citation may issue. However, the state contends that the same words simply describe *which* officer may issue a citation. Under the state's interpretation, the issuance of a citation at the scene is not mandatory. The two interpretations obvi-

ously present a conflict when the statute is applied to the facts of the present case.

 Words of a statute are given their plain, usual and ordinary meaning. *Walker v. Hensley Trucking*, 107 Idaho 572, 691 P.2d 1187 (1984). If the language is unambiguous, judicial construction is unnecessary. However, if the language is ambiguous, extrinsic sources—including statutory headings—may be considered in determining the legislative intent. *State v. Murphy*, 94 Idaho 849, 499 P.2d 548 (1972).

We have examined I.C. § 49–1114 and have concluded that the questioned language is ambiguous. Each party's interpretation reasonably can be drawn from the words used in the statute and their position in the sentence. Examination of the heading adds little clarity. The words "at the scene" in the heading follow the verb, while in the text of the statute, the equivalent words follow the subject and precede the verb. The words "at the scene of a traffic accident" could apply either to describing where the citation may issue or to identifying which officer may issue the citation. Another possible interpretation is that only an officer at the scene of an accident may issue a citation and only while he is at that accident. Thus, even when the heading is considered, we cannot say that either asserted statutory interpretation is unreasonable.

However, another statute—I.C. § 49–1109—provides guidance. It authorizes an officer to make an arrest "the same as upon an arrest for a felony" for specifically listed offenses. Notably, the second listed offense is for driving "under the influence of intoxicating liquor." An officer may arrest for a felony without a warrant, even if it was not committed in his presence. I.C. § 19–603. Consequently, the significance of I.C. § 49–1109 is that an officer likewise may arrest for driving under the influence, even if it was not committed in his presence.

 Statutes dealing with the same subject matter should be construed consistently. *State v. Creech*, 105 Idaho 362, 670

P.2d 463 (1983). Here I.C. §§ 49–1109 and 49–1114 deal, in part, with the charging of persons with driving under the influence. It would be illogical to grant an officer authority, under § 49–1109, to arrest an allegedly intoxicated driver who had not been driving in the officer's presence, yet preclude the officer from issuing a citation to an intoxicated driver who was no longer at the scene of an accident. Construing § 49–1109 and § 49–1114 consistently with each other, we conclude that it would be unreasonable to assume that the authority specifically granted in § 49–1109 was in turn prohibited by § 49–1114. Thus, the officer did have the authority to issue the citation.

Moore urges us to follow the holding of *State ex rel. McDonald v. Whatcom County District Court*, 92 Wash.2d 35, 593 P.2d 546 (1979). There the court construed a Washington statute containing language similar to I.C. § 49–1114. The Washington statute provided as follows:

A law enforcement officer investigating the scene of a motor vehicle accident may *arrest* the driver of a motor vehicle involved in the accident if the officer has probable cause to believe that the driver has committed in connection with the accident a violation of the traffic laws or regulations. [Emphasis added.]

The Washington Supreme Court strictly construed the statute and affirmed the dismissal of a driving-under-the-influence charge. The officer had arrived at an accident scene thirty minutes after the accident and after the driver had been taken to the hospital. The officer investigated the accident and then went to the hospital where he arrested the driver. The *Whatcom* court concluded that the officer did not have the authority to make an arrest away from the scene of the accident because the crime was a misdemeanor not committed in his presence.

Although we come to a different conclusion in the present case than did *Whatcom*, we do not disagree with that reasoning under the Washington statute. The *Whatcom* court concluded that

It is for the Legislature to extend the authority of law enforcement officers to arrest for misdemeanors not committed in their presence. If the Legislature in fact wishes an officer to be permitted to arrest in this situation, it should do so with clear, unambiguous and unequivocal language.

*Id.* 593 P.2d at 547. Thus the *Whatcom* court reached its conclusion because the Washington Legislature had not expanded the common law authority of officers to arrest for a misdemeanor without a warrant where the misdemeanor was not committed in an officer's presence. In light of I.C. § 49–1109, however, we conclude that the Idaho Legislature specifically has provided that authority. Because the Idaho Legislature has vested officers with authority to make a warrantless arrest for the offense of driving while under the influence not committed in the officer's presence, we believe it follows logically that § 49–1114 should be construed to permit an investigating officer to issue a citation away from the scene of an accident in lieu of making a warrantless arrest.

Therefore, we hold that the district court below did not err in reversing the magistrate's order of dismissal. As noted, because we hold that it was proper for the officer to issue the citation, we do not reach Moore's other issues on appeal. The decision of the district court is affirmed.

BURNETT and SWANSTROM, JJ., concur.