565 So.2d 787 (1990)
STATE of Florida, Appellant,
v.
William N. ELDRIDGE, Appellee.
No. 89-02954.
District Court of Appeal of Florida, Second District.
July 20, 1990.
Rehearing Denied August 23, 1990.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellant.
Victor J. Pellegrino of Yado, Keel, Nelson, and Bergmann, P.A., Tampa, for appellee.
SCHEB, Acting Chief Judge.
This appeal presents a question certified to be of great public importance by the county court. The issue before us concerns the authority of a law enforcement officer to make a warrantless arrest on a misdemeanor charge. We exercised our discretionary review power and accepted jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(4)(B).
The defendant was charged with driving under the influence (DUI), a misdemeanor proscribed by section 316.193, Florida Statutes (1987). The trial court granted the defendant's motion to suppress evidence, holding that his arrest was unlawful. We reverse.
The facts are undisputed. Deputy Linda Burton of the Hillsborough Sheriff's Department observed the defendant and a woman passenger in a truck. Burton stopped the couple based on a description given to her in connection with a theft she was investigating. When the defendant exited the truck, Burton noticed that he smelled of alcohol and exhibited other indicia of intoxication. Burton called for backup assistance, and Deputy Thomas Martinez responded. Martinez arrested the defendant for DUI, while Burton completed the paperwork on the theft charge.
The state filed this appeal under Florida Rule of Appellate Procedure 9.140(c)(1)(B), seeking to overturn the trial court's order suppressing evidence. The defendant seeks to sustain the suppression by arguing that a warrantless arrest on a misdemeanor *788 charge may only be made when the misdemeanor is committed in the presence of the arresting officer. § 901.15(1), Fla. Stat. (1987) (presence requirement pertains to all misdemeanors); § 901.15(5) (presence requirement specifically relates to violations of chapter 316, traffic offenses). The defendant contends that since Martinez did not see him in actual physical control of the truck, his arrest by Martinez was unlawful.
The state, however, argues that section 901.18, Florida Statutes (1987), authorized Deputy Burton to delegate her authority to arrest to Deputy Martinez. We agree. That statute provides:
OFFICER MAY SUMMON ASSISTANCE
A peace officer making a lawful arrest may command the aid of persons he deems necessary to make the arrest. A person commanded to aid shall render assistance as directed by the officer. A person commanded to aid a peace officer shall have the same authority to arrest as that peace officer

... .
(Emphasis added). See McClendon v. State, 440 So.2d 52 (Fla.1st DCA 1983). See also State v. Kehoe, 498 So.2d 560 (Fla. 4th DCA 1986), affirmed, 521 So.2d 1094 (Fla. 1988); Kirby v. State, 217 So.2d 619 (Fla. 4th DCA 1969).
Deputy Burton, who observed the defendant's violation of chapter 316 and was engaged in making a lawful arrest, had the right to summon the assistance of Deputy Martinez. We agree with the state's argument that Martinez, in turn, had the authority to make the arrest based on Burton's observations and report. To hold otherwise may allow a suspect to frustrate an on-the-scene arrest by incapacitating the officer conducting an investigation in the first instance.
Accordingly, we reverse and remand for proceedings consistent with this opinion.
CAMPBELL and ALTENBERND, JJ., concur.