## STATE OF FLORIDA v KRAMER

### Case No. 90-69 AC (Lower Court Case No. 90-13423 MM)

Seventeenth Judicial Circuit, Broward County

April 11, 1991

### APPEARANCES OF COUNSEL

**Joel Silvershein, Esquire,** Assistant State Attorney, for appellant.

**Gary S. Milner, Esquire,** Genet & Milner, for appellee.

### OPINION OF THE COURT

MARK A. SPEISER, Circuit Judge.

THIS CAUSE comes before the Court upon appeal by the State of the trial court's dismissal of a DUI Information. Appellee/Defendant, Wayne David Kramer, was charged by information with Driving Under the Influence. In addition, he received three traffic citations for

Leaving the Scene of the Accident, not Exhibiting a Driver's License, and Failure to Use Due Care.

On or about April 28, 1990, Defendant was allegedly involved in a minor traffic accident with an unattended motor vehicle in the vicinity of S.E. 19th Street in Fort Lauderdale, Florida. Officer Fitchett of the Fort Lauderdale Police Department arrived at the accident scene and commenced an investigation. Upon obtaining the Defendant's address through the questioning of an eyewitness, Officer Fitchett radioed for assistance. Officer House of the Fort Lauderdale Police Department arrived at the Defendant's residence and viewed the Defendant's vehicle parked in the driveway. Officer House summoned Defendant from his residence and upon questioning him, noticed a smell of alcohol on the Defendant's breath. The officer asked Defendant to produce his driver's license, and upon Defendant's failure to do so, issued two citations and placed Defendant under custody whereupon he was transported to the FLPD Bat Cave.

Defendant filed, inter alia, two sworn motions to dismiss. The first Motion to Dismiss filed August 2, 1990, addressed the DUI Information. The first paragraph of "Sworn Facts" in that Motion to Dismiss stated:

"On April 28, 1990, the Defendant was in his residence located at 2110 South Miami Road, Unit B, Fort Lauderdale, Florida. Officer Samuel House went to the door of the Defendant's residence and made contact with the Defendant. Officer House, the arresting officer, did not see the Defendant drive a motor vehicle nor did Officer House see the Defendant in physical control of a motor vehicle."

The State filed a Traverse to the DUI Motion to Dismiss and specifically admitted Paragraph (1) cited above. The Traverse went on to specifically deny paragraphs 2, 4, 5, 6, and 7 of the first Motion to Dismiss. However, these denials were aimed at the legal theory or argument put forth by the appellant and not at the undisputed facts. In essence, Defendant's Motion to Dismiss the DUI Information argued that since Officer House had not witnessed all of the elements of a DUI offense, he did not have the authority to make a warrantless arrest.

The Second Sworn Motion to Dismiss filed by Defendant address the Hit and Run Citation. This Motion stated in pertinent part:

"1. On April 28, 1990, the Defendant, Wayne David Kramer, was issued Florida Uniform Traffic Citation 31507-SG 8.

2. Said citation charged the Defendant with leaving the scene of an accident, property damage only, in violation of Florida Statute 316.061(1).

3. It is undisputed that the motor vehicle that the Defendant allegedly struck was a parked, unoccupied vehicle which was parked in a parking space in front of a residence. The Florida Traffic Report clearly indicates that the struck vehicle was parked and occupied."

Once again, the State filed a Traverse to this second motion and once more, the State admitted the undisputed facts contained in paragraphs 1, 2, and 3 cited above. The State went on to deny the remaining three paragraphs which dealt with the Defendant's allegations that the Statute cited in the traffic citation required the vehicle damaged to be driven, attended or occupied by another person.

The State's first contention on appeal is that Defendant's failure to file "sworn" motions to dismiss requires their summary dismissal. *State v Rodriguiez,* 523 So.2d 1141 (Fla. 1988). While this is undisputedly correct, the Record below unequivocally shows that both of the Defendant/Appellee's Motions to Dismiss were in fact signed and sworn to by the Defendant.

Clearly, when the State files a traverse which specifically denies the material facts alleged in a Motion to Dismiss, a trial court has no choice but to deny the motion. *State v Martin,* 422 So.2d 12 (Fla. 2d DCA 1982). However, if the State fails to deny material facts and the undisputed facts do not legally constitute the crime charged, the motion to dismiss should be granted. *State v Smith,* 376 So.2d 261 (Fla. 3d DCA 1979).

In the case at bar, the State not only failed to deny material facts, but affirmatively admitted to the material facts as put forth by Defendant in his two Motions to Dismiss. As a general rule, where the material facts are undisputed, the trial court must determine whether these facts raise a jury question much in the same manner as it would evaluate a motion for acquittal made at trial. *Ellis v State,* 346 So.2d 1044 (Fla. 1st DCA 1977).

In the DUI Motion to Dismiss, Defendant proposes that Officer House could not arrest Defendant without a warrant as he did not witness all of the elements of a DUI offense. Under Florida law, the offense of DUI has three elements: defendant drove or was in actual physical control of the vehicle; he was under the influence of alcohol; and he was impaired or had an unlawful blood level. Florida Statute 316.193. "An offense is committed in the presence or view of an officer,

within the meaning of the rule authorizing an arrest without a warrant, when the officer receives knowledge of the commission of an offense in his presence through any of his senses, or by inferences properly to be drawn from the testimony of the senses, or when the facts and circumstances occuring within his observation, in connection with what, under the circumstances may be considered as common knowledge, give him probable cause to believe or reasonable grounds to suspect that such is the case." *State v Englehardt,* 465 So.2d 1366 *(citing,* 6A C.J.S., *Arrest* § 18).

It is uncontested that Officer House did not witness the Defendant in actual physical control of the vehicle. The State argues that this fact is insignificant. According to the State, since Officer Fitchett conducted an investigation at the accident site, he was empowered under F. S. Chapter 316.645, to arrest the driver based on reasonable grounds that the driver committed a traffic offense. The State cites *Ross v State,* 215 So.2d 33 (Fla. 1st DCA 1968) in support of this contention. In the *Ross* case, however, the arresting officer was the same officer who conducted the investigation at the scene of the accident. In addition, the defendant driver was found at the scene of the accident by the arresting officer. The fact that he was later arrested at the Hospital where he had received treatment is inapplicable to the case at bar. In *Ross,* the Court stated that such an arrest was a reasonable and probable result of an accident that a defendant would require immediate attention for his injuries. *Ross* at 35. In the present case, neither Officer Fitchett, the investigating officer, nor Officer House, the arresting officer, ever witnessed the defendant at the scene of the accident. Their only knowledge as to this "fact" was derived from investigating the eyewitness account to the accident. Therefore, the arrest of the Defendant driver at his home, was not a "reasonable and probable result of the accident."

The State attempts to cure this defect by arguing that Officer House's arrest of Defendant was proper as Officer Fitchett could delegate his powers to enact an arrest under Chapter 315 to Officer House through the authority of Florida Statute 901.18. This statute provides:

OFFICER MAY SUMMON ASSISTANCE

A peace officer making a lawful arrest may command the aid of persons he deems necessary to make the arrest. A person commanded to aid shall render assistance as directed by the officer. *A person commanded to aid a peace officer shall have the same authority to arrest as that peace officer.* (emphasis added)

The recent case of *State v Eldridge,* 565 So.2d 787 (Fla. 2d DCA 1990), further supports this position. In that case, the Second District, held that a peace officer summoned to assist a fellow officer engaged in making a lawful arrest, had the authority to make the arrest based on that first officer's observations and report. "To hold otherwise may allow a suspect to frustrate an on-the-scene arrest by incapacitating the officer conducting an investigation in the first instance." *Eldridge* at 788.

In the instant case, however, this argument fails for the following reasons. First, the *Eldridge* situation is clearly distinguishable as, unlike in the case at bar, the investigating officer observed the Defendant's violation of Chapter 316. The State claims that Officer House had the right to do whatever Officer Fitchett himself might lawfully do. First, as pointed out above, Officer Fitchett did not witness the actual misdemeanor, nor did he ever encounter the defendant at the scene of the accident. Therefore, Officer Fitchett's authority to arrest the Defendant under Florida Statute 316.645 is at best unclear. In any event, F. S. 316.645 does not authorize an arrest by an officer who has not made an investigation at the scene of an accident. In other words, he cannot arrest on the basis of another officer's investigation. 073 Op. Att'y Gen. 92 (1973).

As such, since neither the investigating officer nor the arresting officer witnessed the elements of the misdemeanor allegedly committed, Defendant's warrantless arrest was illegal and the motion to dismiss was properly granted. *Carter v State,* 516 So.2d 312 (Fla. 3d DCA 1987).

As to the Motion to Dismiss for the Hit and Run Citation, the trial judge was correct in determining that the undisputed facts did not constitute a crime under the statute cited. Therefore, this Motion to Dismiss was also properly granted.

Accordingly, for the above stated reasons, it is hereby,

ORDERED AND ADJUDGED that the decision of the Trial Court is AFFIRMED.

DONE AND ORDERED in Chambers, at the Broward County Courthouse, 201 Southeast Sixth Street, Fort Lauderdale, Broward County, Florida 33301, this 11th day of April, 1991.