W. SHARP, Judge.
Petitioner, Department of Highway Safety & Motor Vehicles (the “Department”) seeks certiorari review of an order which granted Respondent Leonard’s petition for writ of certiorari in the circuit court acting in its appellate capacity. The order also quashed a hearing officer’s decision upholding the Department’s suspension of Leonard’s driver’s license, and ordered the Department to reinstate the license. We grant the petition for writ of certiorari and quash the circuit court’s order.
On December 6, 1997, Officer Whitehead of the St. Augustine Police Department observed a 1995 Cadillac swerving and otherwise being operated erratically within the city limits of St. Augustine. Whitehead sent out a radio transmission and another St. Augustine Police officer, Hardwick, responded to the call. Whitehead followed the vehicle to the foot of the Vilano Beach Bridge, where it stopped. He then followed the vehicle over the bridge and observed it cross over the center line four times on the bridge. Whitehead also observed the vehicle almost hit several vehicles in the turn lane of an intersection. Hardwick did not observe the vehicle driving erratically, but instead relied on Whitehead’s observations, which were communicated to him. Finally, Hardwick and Whitehead stopped the vehicle outside the city limits of St. Augustine. Hardwick arrested Leonard because he appeared drunk and failed the field sobriety test. Leonard refused to submit to a breath test.
The Department suspended Leonard’s driving privilege for one year pursuant to section 322.2615. Leonard sought formal review with the Department and a hearing was held. The hearing officer then upheld the suspension of Leonard’s license, based on Hardwick having probable cause to believe Leonard was in actual physical control of a vehicle while under the influence. Leonard sought certiorari review in the circuit court, *316 and that court granted his petition for writ of certiorari, and quashed the hearing officer’s decision, and ordered the Department to set aside Leonard’s suspension. The court held that Hardwick did not have probable cause to stop Leonard, that Hardwick was not in “fresh pursuit,” and that the fellow officer rule only applied to felony offenses.
The role of this court, in reviewing a petition for certiorari from an order of the circuit court sitting in its appellate capacity, is to determine whether the lower court failed to observe the essential requirements of law, resulting in a miscarriage of justice. Haines City Community Dev. v. Heggs, 658 So.2d 523 (Fla.1995). After reviewing the record in this case, we conclude that the circuit court did depart from the essential requirements of law in quashing the decision of the hearing officer. The stop was proper under the theories of “fresh pursuit” or “fellow officer” rule.
The manner in which Leonard operated his vehicle was sufficient to justify the stop. State v. Mahoy, 575 So.2d 779 (Fla. 5th DCA 1991). Section 901.18 authorizes an officer to elicit assistance from another officer; and the second officer has the authority to arrest based on the observations and report of the first officer. State v. Eldridge, 565 So.2d 787 (Fla. 2d DCA 1990); Steiner v. State, 690 So.2d 706 (Fla. 4th DCA 1997); Mahoy. The combined observations of two or more officers may be united to establish probable cause to arrest. Eldridge. The fellow officer rule applies to misdemeanor as well as felony offenses. Eldridge; Mahoy; Steiner.
Further, an arrest made outside an officer’s jurisdiction is authorized by § 901.25 where, as here, the officer is in fresh pursuit. Cheatem v. State, 416 So.2d 35 (Fla. 4th DCA 1982); Edwards v. State, 462 So.2d 581(Fla. 4th DCA 1985). Fresh pursuit includes misdemeanor offenses. Edwards. Where there are signs of the offense continuing, the officer has authority to arrest a defendant outside her jurisdiction for committing the offense within the jurisdiction. Edwards.
In this case, the fellow officer rule is applicable between Whitehead and Hard-wick. Leonard’s erratic driving justified the stop and Leonard’s appearance and conduct after the stop justified Hardwick’s belief that Leonard was driving while under the influence.
Accordingly, the petition for writ of certio-rari is granted and the trial court’s order quashed.
Petition for Writ of Certiorari GRANTED; Order QUASHED.
GRIFFIN, C.J., and PETERSON, J., concur.