## STATE OF FLORIDA v QUIGLEY
### Case No. 89-MT-0912
County Court, Escambia County

January 5, 1990

**APPEARANCES OF COUNSEL**

**Scott Clodfelter, Esquire,** Assistant State Attorney, for plaintiff.

**Anthony E. Fiorentino, Esquire,** for defendant.

**OPINION OF THE COURT**

G. J. ROARK, III, County Judge.

*ORDER GRANTING MOTION TO SUPPRESS*

This cause came before the Court on Defendant's Motion to Suppress all statements made by the Defendant to the arresting Officer, the results of the chemical breath test administered to the Defendant, descriptions of any physical test administered to Defendant and the result thereof, and the video tape taken of the Defendant in respect to his arrest for DUI. The Court, having heard the evidence and the argument of counsel for the State and the Defendant, finds as follows:

1. The Defendant was involved in an automobile accident in front of the Five Flags Hotel, which was approximately one half mile West of his townhouse on Pensacola Beach.

2. Following the accident, the Defendant and the other driver went to Defendant's home where the other driver called the Florida Highway Patrol to report the accident.

3. Approximately twenty (20) to thirty (30) minutes following the accident, Trooper Bevis arrived at Defendant's resident and found both vehicles and both drivers in the parking area of Defendant's residence.

4. Trooper Bevis was informed by the dispatcher that the accident had occurred in front of the Defendant's residence. In response to Trooper Bevis' question regarding where the accident occurred, the other driver pointed down Ft. Pickens Road to an area Trooper Bevis estimated was seventy-five (75) to one hundred (100) feet from Defendant's residence. Trooper Bevis never found out where the accident actually occurred nor ever learned that the accident did not occur in the area of Defendant's residence. Trooper Bevis never visited the actual site of the accident.

5. Upon interviewing the Defendant during the accident investigation, Trooper Bevis noted that Defendant's speech was slurred, he was unsteady on his feet and his breath had an odor of alcohol on it. Prior to this observation of Defendant, the Trooper had no indication that alcohol was involved in the accident.

6. After completing his accident investigation, Trooper Bevis informed the Defendant that he was beginning a criminal investigation for DUI. Trooper Bevis did not, however, read Defendant the *Miranda* warning until after Defendant had been transported to the jail.

7. Trooper Bevis did not see Defendant driving his vehicle, did not find Defendant to be a threat to himself or the public, did not fear that the Defendant was going to escape and had no reason of an emergency nature to arrest Defendant at home other than the necessity to preserve evidence of alcohol in Defendant's blood.

8. Defendant was either in the parking lot in front of his residence or on his porch at all times relevant to this motion. The Defendant did not enter his residence until just prior to being transported from his residence to the jail following his arrest.

9. Trooper Bevis did not have a warrant for the arrest of the Defendant.

A Law Enforcement Officer may arrest a person without a warrant for a misdemeanor or a violation of Chapter 316 which has been committed in his presence. § 901.15, Fla. Stat. In addition, a Police Officer who makes an investigation at the scene of a traffic accident may arrest any driver of a vehicle involved in the accident when, based

**147**

upon personal investigation, the Officer has reasonable and probable grounds to believe that the person has committed any offense under the provisions of Chapter 316 or Chapter 322 in connection with the accident. § 316.645, Fla. Stat. In the latter case, the arrest need not occur at the actual scene of the accident so long as the arrest was a result of an investigation made by the arresting officer at the scene of the accident. *Ross v State,* 215 So.2d 33 (Fla. 1st DCA 1968). In the case under consideration, there is no question that the Trooper was without a warrant and that the Trooper did not observe the commission of an offense. It is also undisputed that Trooper Bevis never visited the actual scene of the accident, even to the extent of visiting the area in which he assumed the accident occurred which was seventy-five (75) to one hundred (100) feet from Defendant's residence. Finding no authority for the State's position that the arresting officer need not have visited the actual scene of the accident under the particular circumstances of this case, the Court agrees with the Defendant's position that the arrest was unlawful.

Searches or seizures carried out on a suspect's premises without a warrant are per se unreasonable unless they fall within one of the designated exceptions define by applicable case law as "exigent circumstances". *Paton v New York,* 100 S. Ct. 1371 (1980). *Jerome v State,* 530 So.2d 394 (Fla. 4th DCA 1988). Even should the Court conclude that Defendant's "premises" did not include his porch and parking area, there has been no showing that a warrantless search was justified. The Officer's opinion that Defendant had been drinking, formed after the Officer's arrival at Defendant's premises, does not justify the Officer's entry onto Defendant's premises to gather the information sought to be suppressed. *See, Drumm, supra.*

Although the last minute filing and hearing of this motion resulted in some procedural confusion, the unlawful arrest, coupled with the lack of exigent circumstances and the Officer's failure to read the Miranda warning to the Defendant, compels the Court to grant Defendant's motion and suppress all evidence obtained by Trooper Bevis at Defendant's residence on the date of Defendant's arrest.

DONE AND ORDERED this 5th day of January, 1990.