## STATE OF FLORIDA v FRENCH

Case No. 90-2866-CT

County Court, St. Lucie County

December 5, 1990

### APPEARANCES OF COUNSEL

**Lawrence Mirman,** Assistant State Attorney, for plaintiff.

**Osborne Walker O'Quinn, Esquire,** for defendant.

### OPINION OF THE COURT

JAMES W. MIDELIS, County Judge.

*CORRECTED ORDER GRANTING DEFENDANT'S MOTION
TO QUASH ARREST AND TO SUPPRESS EVIDENCE*

THIS CAUSE came before the Court on the motions filed by the Defendant to quash the arrest and to suppress all evidence gathered as a result thereof.

At the hearing it was established that a private citizen observed a vehicle driving in an erratic fashion. The citizen notified 911, followed

the vehicle and observed it collide with two mailboxes. The citizen followed the vehicle to an apartment house some distance away, observed it park in a parking lot, and saw the driver alight and began walking down a public road.

In short order, a deputy sheriff appeared at the parking lot and the citizen identified the Defendant as the driver of the erratic vehicle in a conversation with the deputy sheriff. The deputy approached the Defendant and questioned him. He observed that the Defendant had bloodshot eyes, slurred his words and was unsteady on his feet. At first the Defendant denied knowledge of the erratic driving but, after the deputy confronted him with the fact that there was a witness who had observed him, he admitted being the driver of the vehicle. Thereupon, the Defendant was "asked" by the deputy to sit in the backseat of the marked unit and was driven back to the parking lot of the apartment house where the Defendant's vehicle was parked.

The deputy testified that, up to this time, the Defendant was not under arrest and could have left at any time.

At this point, the Florida Highway Patrol trooper, who was listed as the arresting officer, arrived at the parking lot. He discussed the facts with the deputy and the witness and observed the Defendant. Thereupon, he placed the Defendant under arrest for DUI, leaving the scene of an accident, careless driving and possession of an open container of alcoholic beverage, all violations of Florida Statutes Chapter 316.

With the arrested Defendant in the backseat of the trooper's marked unit, the trooper, for the first time, went to the actual scene of the accident where the mailboxes had been hit. There, he made a cursory investigation and then took the Defendant to the county jail and subjected him to an Intoxilyzer 5000 breath test which indicated a .24 blood alcohol level.

The issue before the Court is whether the arrest is legal under Florida law.

Florida Statutes § 901.15(5) provides:

"WHEN ARREST BY OFFICER WITHOUT WARRANT IS LAWFUL—A law enforcement officer may arrest a person without a warrant when:

* * *

(5) a violation of Chapter 316 has been committed in the presence of the officer. Such an arrest may be made immediately or in fresh pursuit." There is no dispute that a violation of Chapter 316 occurred in the presence of neither the deputy nor the arresting

trooper. Hence, the arrest is not sanctioned by Florida Statute § 901.15(5).

Because there was an accident, there is an exception to Florida Statute 4901.15(5) which must be considered. Florida Statute § 316.645 provides:

"ARREST AUTHORITY OF OFFICER AT SCENE OF A TRAFFIC ACCIDENT—A policy officer who makes an investigation at the scene of a traffic accident may arrest any driver of a vehicle involved in the accident when, based upon personal investigation, the officer has reasonable and probable grounds to believe that the person has committed any offense under the provisions of this Chapter or Chapter 322 in connection with the accident."

This statute clearly requires an arresting officer to visit the actual scene of the accident and conduct a personal investigation in order to have probable cause to arrest. *State v Quigley,* 39 Fla. Supp.2d 146 (Escambia County Ct. 1990); Op. Atty. Gen. 073-55, March 13, 1973).

In *State v Fernald,* Case No. 89-1021-CA-25 (Circuit Ct. Lucie County, 1989), the Court, sitting in its appellate capacity, quoting from *Ross v State,* 215 So.2d 33 (Fla. 1 DCA, 1968), stated:

"The legislative intent of this statute [316.645] was to empower any police officer who investigates a traffic accident and has reasonable and probable grounds to believe the driver has committed an offense under 316, *as a result of this investigation,* to arrest such person. . ."

Because the trooper arrested the Defendant *prior* to conducting an investigation at the scene of the accident, he lacked probable cause to arrest the Defendant for DUI and leaving the scene of the accident and other violations of Chapter 316 as set forth above. It is thereupon

ORDERED AND ADJUDGED that the Motion to Quash the arrest of the Defendant shall be and it is hereby granted and the arrest of the Defendant for DUI, leaving the scene of an accident, careless driving and possession of an open container of alcoholic beverage shall be and it is hereby quashed; it is further

ORDERED AND ADJUDGED that the Motion to Suppress shall be and it is hereby granted and all evidence gathered by law enforcement after the illegal arrest, including, but not necessarily limited to, the observations of law enforcement officers of the Defendant, the results of the Intoxilyzer breath tests, the video tapes and all state-

ments made by the Defendant after the arrest are hereby suppressed and ruled inadmissible in this cause.

DONE AND ORDERED at Fort Pierce, St. Lucie County, Florida, on this 5th day of December, 1990.