803 P.2d 1020

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Michael P. BARTON, Defendant–Appellant.**

**No. 18379.**

Court of Appeals of Idaho.

Jan. 8, 1991.

---

**116**

Charles D. Coulter, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Michael A. Henderson (argued), Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Michael P. Barton pled guilty to one count of trespass, I.C. § 18–7008, and one count of misdemeanor battery upon a law enforcement officer, I.C. §§ 18–903, 18–915. The magistrate entered a judgment of conviction imposing a sentence totaling 95 days in jail, with 90 days suspended, fines totaling $1,300, with $975 suspended, and placed Barton on probation. Later, the same magistrate revoked Barton's probation. On appeal, the magistrate's order was upheld by the district court. Barton now appeals from the district court's decision. For the reasons stated below, we affirm.

The events giving rise to this case began in 1988, when Barton entered the office of an Ada County employee (the "employee"). The employee's office was located in an area of the Ada County Courthouse restricted to employees only. Previously, the employee and her husband had entered into a business transaction with Barton. When Barton approached the employee in the courthouse, he wanted to collect money she and her husband owed him from that transaction. A marshal was called to remove Barton from the restricted area, and a scuf-

fle ensued. As a result, Barton was charged with four misdemeanors: trespassing, disturbing the peace, obstructing and delaying an officer, and battery upon a law enforcement officer.

Pursuant to a plea agreement, Barton pled guilty to trespass and to battery upon a law enforcement officer. The other two charges were dismissed, and Barton was placed on probation for one year [1] on the condition, among others, that he have "no contact with [the] victim except through [the] court system." Approximately ten months later, the state filed a motion and order for bench warrant alleging that Barton had violated his probation "by initiating contact with [the employee] on March 17, 1989, at or about noon and again at about 8:25 p.m." The employee was specifically named in the state's motion.

At the start of the probation violation hearing, Barton moved to dismiss on the ground that the charges were unconstitutionally vague. Barton also moved to dismiss on the ground that the state's failure to comply with Barton's request for discovery, pursuant to I.C.R. 16, deprived him of the opportunity to file any appropriate pre-hearing motions. The state then showed Barton a one-paragraph letter from the employee alleging Barton's contacts with her, and the magistrate gave Barton some time to go over the letter with his attorney. The magistrate held that I.C.R. 16 was inapplicable to probation violation proceedings, denied the motion to dismiss on both grounds, and proceeded with the hearing. At the conclusion of the hearing, the magistrate revoked Barton's probation.

Barton appealed to the district court. After oral arguments, the state submitted to the district court a copy of the taped cassette recording of Barton's original sentencing hearing. The district court took "judicial notice" of the proceedings at the original sentencing hearing and affirmed the magistrate's order revoking Barton's probation.

---

1. Prior to the events at issue here, Barton's probation was extended for approximately an-

other nine months.

Barton appeals to us, arguing: that the motion and order for bench warrant was unconstitutionally vague; that there was insufficient evidence to support the magistrate's finding that Barton violated the no-contact condition of his probation; and that, in a probation revocation proceeding, due process requires disclosure of evidence pursuant to I.C.R. 16. Barton also argues that the district court erred by allowing the state to submit to the court, after hearing the parties' arguments on appeal, a duplicate tape recording of Barton's original sentencing hearing.

■ Initially, we reiterate our standard of review. Where, as here, we are asked to review a judgment entered by a magistrate after an interim appeal to the district court, we exercise free review and examine the record independently of the district court's decision. *State v. Moore,* 111 Idaho 854, 855, 727 P.2d 1282, 1283 (Ct.App.1986). We review each of Barton's arguments in turn below.

### Vagueness Issue

Barton argues that the charge alleging he violated his probation by contacting the employee was so vague and ambiguous as to lack due process. He contends that, because he was on probation for battery upon a law enforcement officer and because the victim was not named in the probation order, the victim referred to in the probation order must have been the marshal at the courthouse. "[A] probation revocation hearing must be based upon charges sufficiently specific that the probationer be informed of the allegedly violated term or condition of the probation order and the manner and circumstances of his violation so that he can intelligently prepare his defense." *State v. Edelblute,* 91 Idaho 469, 480, 424 P.2d 739, 750 (1967), *disapproved on other grounds, State v. Rolfe,* 92 Idaho 467, 444 P.2d 428 (1968).

■ Assuming, *arguendo,* that the no-contact provision of the written probation order is ambiguous, we may resolve the ambiguity by examining the record to ascertain the sentencing judge's intent. *State v. Burnside,* 113 Idaho 65, 71, 741

P.2d 352, 358 (Ct.App.1987). The legal sentence in any criminal case consists of the words pronounced by the judge in open court in the presence of the defendant, not the words appearing in the written order. *State v. Wallace,* 116 Idaho 930, 932, 782 P.2d 53, 55 (Ct.App.1989). While the district judge's action in receiving the duplicate tape of the sentencing hearing after oral arguments was error, it was harmless error since any impropriety in the district court would not affect the outcome of this Court's decision. *See Hentges v. Hentges,* 115 Idaho 192, 765 P.2d 1094 (Ct.App.1988). We note that the duplicate tape is a part of the record on appeal to us.

■ The duplicate tape recording of the original sentencing hearing reveals that the state recommended a one-year probation on the condition that Barton have no contact with the employee, whom the magistrate referred to by name. When imposing sentence, the magistrate told Barton that a condition of his probation would be that Barton would have to go through the court system to contact the employee and her husband. Barton responded that he understood. By signing the probation order, he accepted, and certified that he fully understood, the conditions of probation imposed by the magistrate. Since the no-contact condition in Barton's probation order could have referred only to the employee, and since Barton knew the no-contact provision referred to the employee, we conclude that the probation violation charge was not unconstitutionally vague.

### Sufficiency of the Evidence Issue

Barton further contends that there was insufficient evidence of a probation violation because the probation order did not identify the "victim" with whom contact was prohibited. However, as discussed above, the colloquy between Barton and the magistrate at the original sentencing hearing clearly demonstrates that the employee was the person to whom the no-contact condition applied and that Barton understood the condition.

■ A probation violation need not be proved beyond a reasonable doubt. *State v. Roy*, 113 Idaho 388, 390, 744 P.2d 116, 118 (Ct.App.1987). The record reveals that Barton and the employee were the only persons who testified at the probation violation hearing, and they gave differing accounts of the events leading to the probation violation charge. The employee testified that Barton approached her on two occasions and that she ignored or avoided him. Barton testified that he did not initiate contact with the employee and that their being present at the same locations was coincidental.

■ The magistrate observed the demeanor of both witnesses and found Barton's "testimony to be totally incredible." This Court will defer to the special opportunity of the trial court to determine the credibility of witnesses. *Id.* at 391, 744 P.2d at 119; I.R.C.P. 52(a). Therefore, we conclude that the evidence presented to the magistrate was clearly sufficient to establish that Barton violated his probation.

■ Once a probation violation has been proved, the decision to revoke probation and pronounce sentence is within the sound discretion of the trial court. *State v. Kerr*, 115 Idaho 725, 726, 769 P.2d 602, 603 (Ct. App.1989); *State v. Roy*, 113 Idaho at 392, 744 P.2d at 120. Barton has failed to demonstrate an abuse of discretion by the magistrate.

### *Discovery Issue*

Barton contends that due process requires disclosure of evidence pursuant to I.C.R. 16 in probation violation proceedings. Idaho Criminal Rule 16(e)(2) provides that:

Unless otherwise ordered by the court upon the showing of good cause or excusable neglect, the failure to file and serve a response [to a request for discovery] within the time prescribed by this rule shall constitute a waiver of any objections to the request and shall be grounds for the imposition of sanctions by the court.

■ A probationer must be given a reasonable opportunity to examine and re-but adverse evidence and to cross-examine hostile witnesses. *State v. Edelblute*, 91 Idaho at 480, 424 P.2d at 750. However, I.C.R. 16(e)(2) does not require the trial court to impose the sanction of dismissal for failure to comply with a discovery request. Imposition of sanctions is within the discretion of the trial court, and the trial court's exercise of that discretion is beyond the purview of a reviewing court unless it has been clearly abused. *State v. Marek*, 112 Idaho 860, 868, 736 P.2d 1314, 1322 (1987), *quoting, State v. Buss*, 98 Idaho 173, 174, 560 P.2d 495, 496 (1977).

■ Barton makes only a general assertion that the state's failure to comply with his discovery request deprived him of any pre-trial opportunity to challenge the sufficiency of the alleged violations. We find no abuse of discretion by the magistrate.

The motion and order for bench warrant for probation violation advised Barton of the date, times, and method of the alleged probation violation. The letter from the employee appears to be the only piece of information relied upon by the state in alleging the probation violation. At the hearing, the state produced the letter, and the magistrate gave Barton an opportunity to review the letter with his attorney. Barton's attorney cross-examined the employee at the hearing. Barton has not indicated what, if anything, he would have done differently had the state made a timely disclosure of the employee's letter. He has made no showing that he was prejudiced by the state's failure to earlier disclose the letter, nor has he shown that the magistrate abused his discretion in denying the motion to dismiss. *See State v. Marek*, 112 Idaho at 868, 736 P.2d at 1322.

We affirm the order of the district court upholding the order of the magistrate revoking Barton's probation.