**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36758**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 639 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 10, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BOYD F. GIANNINI, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Peter D. McDermott, District Judge.

Order revoking probation and ordering execution of previously suspended sentence, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Heather M. Carlson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Boyd F. Giannini appeals from the district court's order revoking his probation and ordering execution of his previously suspended sentence. For the reasons set forth below, we affirm.

In April 2007, pursuant to a plea agreement, Giannini pled guilty to one count of drawing a check with insufficient funds, $250 or over. I.C. § 18-3106(b). The district court sentenced Giannini to a unified term of three years, with a minimum period of confinement of two years, suspended the sentence, and placed Giannini on probation for three years. As a term of his probation, Giannini was ordered to pay restitution in the sum of $21,450.56 at the rate of $500 per month beginning in September 2007. By December 2008, Giannini had failed to make any restitution payments. A report of probation violation was filed, and an evidentiary hearing was held during which Giannini admitted violating his probation. The district court revoked

1

Giannini's probation and ordered execution of his previously suspended sentence. Giannini appeals.

Giannini contends that the district court abused its discretion when it revoked his probation because his failure to make restitution payments was not willful. Where a probation violation was not willful, or was beyond the probationer's control, a court may revoke probation only after it has determined that alternative methods to incarceration will not meet the state's legitimate interests in punishment, deterrence, and the protection of society. *Bearden v. Georgia,* 461 U.S. 660, 672-73 (1983); *State v Lafferty,* 125 Idaho 378, 382-83, 870 P.2d 1337, 1341-42 (Ct. App. 1994). Giannini admitted to violating his probation and, at no time did he present evidence below that his failure to pay restitution was not willful. He merely sought leniency, indicating he had earned yearly wages of approximately $26,000 and had incurred substantial medical costs. He also informed the district court that, as a result of his illness, he had to change careers. We note that Giannini was represented by counsel and did not move for reconsideration or attempt to withdraw his admission as not willful before the district court.

Because Giannini admitted to violating the terms of his probation without qualification, he has no basis to attack the willfulness of those violations on appeal. Therefore, the district court's order revoking Giannini's probation and ordering execution of his sentence is affirmed.

Chief Judge LANSING and Judge GUTIERREZ, **CONCUR.**