IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38522

| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 533 |
|---|---|---|
| Plaintiff-Respondent, | ) ) | Filed: June 25, 2012 |
| v. | ) ) | Stephen W. Kenyon, Clerk |
| BENJAMIN R. HONE, | ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT |
| Defendant-Appellant. | ) ) ) | BE CITED AS AUTHORITY |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Order revoking probation, affirmed.

Robyn Fyffe of Nevin, Benjamin, McKay & Bartlett, LLP, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jason M. Gray, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Benjamin R. Hone appeals from the district court's order revoking his probation. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

In 2005, Hone pled guilty to possession of a controlled substance, I.C. § 37-2732(c); petit theft by possession, I.C. §§ 18-2403(4) and -2407(2); grand theft, I.C. §§ 18-2403(1) and -2407(1)(b); and grand theft by possession of stolen property, I.C. §§ 18-2403(4) and -2407(1). Hone was sentenced to a unified term of six years, with a minimum period of confinement of two years, for possession of a controlled substance; a one year period of confinement for petit theft by possession; and unified terms of nine years, with minimum periods of confinement of four years, for the two grand theft counts. The district court ordered that the sentences run concurrently and retained jurisdiction. Following the period of retained jurisdiction, the district court suspended Hone's sentences and placed him on probation.

1

The state filed a motion for probation violation alleging that Hone violated the conditions of his probation by committing domestic battery in the presence of children, using marijuana, and failing to obtain permission from his probation officer before leaving the state. The domestic battery charge was later amended to disturbing the peace. A no-contact order was entered in January 2010 in the domestic battery case and Hone was prohibited from having contact with the mother of their young daughter unless he met with the mother for exchange of the child and with the mother's consent. The mother twice moved to terminate the no-contact order, but those motions were denied. At a hearing on the probation violation motion, Hone admitted to violating the conditions of his probation by committing the crime of disturbing the peace and using marijuana. However, the district court reinstated and extended Hone's probation with amended conditions.

Thereafter, the state filed another motion for probation violation alleging that Hone violated the conditions of his probation by violating the no-contact order on June 3, failing to reimburse Ada County for public defender fees, and committing the crime of unlawful overtaking and passing of a school bus. After a hearing, the district court found that Hone committed all three of the alleged probation violations and set the matter for a disposition hearing. Prior to the disposition hearing on those violations, the state filed another motion for probation violation alleging that Hone violated the no-contact order again on October 20, committed the crime of driving without privileges, failed to notify his probation officer of any and all contact with law enforcement personnel, and failed to actively seek employment or be enrolled as a full-time student. Hone admitted to violating the no-contact order on October 20 and committing the crime of driving without privileges, and the state dismissed the remaining allegations. The district court revoked Hone's probation and ordered that the underlying sentences be executed. The district court also reduced the fixed portion of Hone's sentences for the two grand theft counts to three years pursuant to I.C.R. 35. Hone appeals.

## II.

## ANALYSIS

Hone argues that the district court erred by revoking his probation because the district court's finding that he violated the no-contact order on June 3 as part of an intentional scheme to circumvent the provisions of the no-contact order was not supported by substantial evidence. In reviewing a probation revocation proceeding, we use a two-step analysis. *State v. Knutsen*, 138

2

Idaho 918, 923, 71 P.3d 1065, 1070 (Ct. App. 2003). First, we ask whether the defendant violated the terms of the probation. *Id.* If it is determined that the defendant has in fact violated the terms of his or her probation, the second question is what should be the consequences of that violation. *Id.* For the first step, a district court's finding of a probation violation will be upheld on appeal if there is substantial evidence in the record to support the finding. *State v. Lafferty*, 125 Idaho 378, 381, 870 P.2d 1337, 1340 (Ct. App. 1994). This first step involves a wholly retrospective factual question. *Morrissey v. Brewer*, 408 U.S. 471, 479 (1972). To comply with the principles of due process, "a court may revoke probation only upon evidence that the probationer has in fact violated the terms or conditions of probation." *Lafferty*, 125 Idaho at 381, 870 P.2d at 1340. In the event of conflicting evidence, we will defer to the district court's determinations regarding the credibility of witnesses. *Knutsen*, 138 Idaho at 923, 71 P.3d at 1070. After the court has determined that the defendant has violated his or her probation, it must then go to the second step and determine whether to revoke or continue probation. *Lafferty*, 125 Idaho at 381, 870 P.2d at 1340. A district court's decision to revoke probation will not be overturned on appeal absent a showing that the court abused its discretion. *State v. Sanchez*, 149 Idaho 102, 105, 233 P.3d 33, 36 (2009); *Lafferty*, 125 Idaho at 381, 870 P.2d at 1340.

At the hearing on the probation violation motion, the property manager of the apartment complex where the mother of Hone's child lived testified that she knew and recognized Hone and that the mother and Hone applied for the apartment together in 2009. The manager further stated that, while the mother's name was the only name on the lease, Hone was allowed to reside in the apartment as a permanent guest and was given a parking permit. The manager testified that, between January and June 2010, both Hone and the mother's vehicles were frequently parked at the apartment complex. The manager also testified that she served the mother with a notice of nonrenewal on May 17 to vacate on June 30 and that this led to a conversation with Hone wherein he expressed his displeasure with the notice and a second confrontation wherein Hone stated he was going to file a complaint.

Hone's probation officer testified that, during a telephone conversation with Hone on June 3, Hone told the probation officer that he was at the mother's residence. The probation officer testified that he ended the phone call, drove to the mother's apartment, and met with two other police officers there. The probation officer explained that, when Hone walked out of the mother's apartment with their daughter, Hone indicated he was going to take the mother to work.

The probation officer explained that he arrested Hone for a probation violation and noted that he did not know of any exception to the no-contact order that allowed Hone to take the mother to work. The probation officer testified that Hone stated he was not living at the apartment with the mother between January 2010 and June 2010 and never requested to stay overnight there. The probation officer stated that, at a meeting with the property manager on June 3, the property manager told him that Hone had been living at the apartment for several months.

The mother testified that Hone had moved out of the apartment in September 2009 and never lived there after that date. The mother stated that the only time Hone was in the apartment was to pick up their daughter, which frequently occurred because she was a full-time student, worked, and had no other babysitter. She testified that Hone was the child's caretaker nearly every day while the mother was in school and that on June 3, 2010, Hone came to the apartment to pick up their daughter because the mother was going to work. The mother testified that she never heard Hone say to the police that he was taking her to work, but did hear him say he was there to pick up his daughter. The mother testified that she let the police search her apartment and they found no evidence that Hone was living there. On cross-examination, the mother stated that Hone never stayed the night with her after October 2009. Following the mother's testimony, the state recalled Hone's probation officer who testified that the mother had previously stated that Hone was at her apartment on June 3, 2010, to take her to work.

The district court found that the evidence established Hone violated the no-contact order on June 3. The district court explained that the manager's testimony established that Hone's vehicle was frequently present at the apartment where the mother resided after the no-contact order was entered. The district court also found that, despite the conflicting evidence, the most credible evidence was that Hone stated on June 3 that he was there to give the mother a ride to work. The district court concluded:

> It stretches credulity beyond the breaking point to believe that this behavior, viewed over months by the apartment manager was not an intentional scheme to circumvent the provisions of the No Contact Order and the Court finds that a willful violation of the No Contact Order, which is in turn a willful violation of [Hone's probation] has occurred and has been proved by the substantial evidence standard.

We first reiterate that, in the event of conflicting evidence, we will defer to the district court's determinations regarding the credibility of witnesses. *See Knutsen*, 138 Idaho at 923, 71

4

P.3d at 1070. Here, the district court determined that, despite the conflicting evidence, the testimony indicating that Hone was at the mother's apartment on June 3 to take her to work was the most credible. Additionally, given the testimony of the apartment manager regarding the frequent presence of Hone's vehicle at the mother's apartment after the no-contact order was entered, we conclude that the district court's finding that Hone violated the terms of his probation on June 3 by willfully violating the no-contact order was supported by substantial evidence. Hone admits as much. He asserts, however, that the district court's finding that the violation was part of an intentional scheme to circumvent the provisions of the order was not supported by the evidence. He argues that this finding was the basis for revocation of his probation and because it was not supported by substantial evidence the order revoking his probation should be reversed.

We need not decide whether there was insufficient evidence to support the district court's finding. A remand may be avoided where it is apparent from the record that the result would not change or that a different result would represent an abuse of discretion. *State v. Upton*, 127 Idaho 274, 276, 899 P.2d 984, 986 (Ct. App. 1995). Therefore, if the district court erred in finding one probation violation but correctly found one or more other violations, remand is not necessary if it is clear from the record that the district court would have revoked probation based solely upon the other violations. *Id.*

As described above, after the no-contact order was entered, at a hearing on the state's first motion for probation violation, Hone admitted to violating the conditions of his probation by committing the crime of disturbing the peace and using marijuana. However, the district court reinstated and extended Hone's probation with amended conditions. One such condition was as follows:

> Defendant has had prior opportunities for probation and a rider. The Defendant is advised that this is his/her final opportunity at probation. Failure to abide by the conditions of probation resulting in a motion for probation violation, will, if proven or admitted, be considered a violation of a fundamental condition of probation which will result in imposition of the underlying sentence.

Thereafter, the state filed another motion for probation violation alleging that Hone violated the conditions of his probation by violating the no-contact order on June 3, failing to reimburse Ada County for public defender fees, and committing the crime of unlawful overtaking and passing of a school bus. After a hearing, the district court found that Hone committed all three of the

alleged probation violations and set the matter for a disposition hearing. Hone does not challenge the district court's finding that he violated his probation by failing to reimburse Ada County or committing the crime of unlawful overtaking and passing of a school bus. Further, prior to the disposition hearing on those violations, the state filed another motion for probation violation and Hone admitted to violating the conditions of his probation by violating the no-contact order on October 20 and committing the crime of driving without privileges.

In revoking Hone's probation, the district court cited the amended probation condition described above and noted that such condition specifically advised Hone in unambiguous language that he was being given a final opportunity at probation and that other violations would result in imposition of the underlying sentences. Therefore, it is clear from the record that the district court would have revoked Hone's probation based solely upon the other violations that the district court found and the violations that Hone admitted to. Accordingly, even if we were to determine there was insufficient evidence to support the district court's finding that Hone violated the terms of his probation on June 3 as part of an intentional scheme to circumvent the provisions of the no contact order, remand is not necessary.

### III.

### CONCLUSION

The district court's finding that Hone willfully violated the terms of his probation on June 3 was supported by substantial evidence. Even assuming, without deciding, there was insufficient evidence to support the district court's finding that the violation was part of an intentional scheme to circumvent the no-contact order, remand is not necessary because it is clear from the record that the district court would have revoked Hone's probation based solely upon the other violations that the district court found and the violations that Hone admitted to. Thus, we conclude there was no abuse of discretion in the district court's revocation of probation and the order is affirmed.

Chief Judge GRATTON and Judge LANSING, **CONCUR.**

6