IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39752

| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 482 |
|---|---|---|
| Plaintiff-Respondent, | ) ) | Filed: May 6, 2013 |
| v. | ) ) | Stephen W. Kenyon, Clerk |
| PAUL WAYNE NELSON, | ) ) | THIS IS AN UNPUBLISHED |
| Defendant-Appellant. | ) ) ) | OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Benjamin R. Simpson, District Judge.

Order revoking probation and requiring execution of unified seven-year sentence with two-year determinate term for felony possession of methamphetamine, affirmed.

Greg S. Silvey, Star, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Paul Wayne Nelson was convicted of felony possession of methamphetamine, Idaho Code § 37-2732(c)(1). The district court imposed a unified seven-year sentence with a two-year determinate term, but after a period of retained jurisdiction, suspended the sentence and placed Nelson on probation. Subsequently, Nelson was found to have violated several terms of the probation by failing to report to his probation officer, failing to report his address, and leaving the state without permission. The district court consequently revoked probation and ordered execution of the original sentence. Nelson appeals, contending that his probation violations were

not willful, that the district court abused its discretion in revoking probation, and that the sentence is excessive.[1]

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). However, if a probationer's violations are not willful, the court may not revoke probation without first considering whether adequate alternative methods of punishing the defendant are available. *State v. Lafferty*, 125 Idaho 378, 382, 870 P.2d 1337, 1341 (Ct. App. 1994). "Only if the court determines that alternatives to imprisonment are not adequate in a particular situation to meet the state's legitimate interest in punishment may the court imprison a probationer who has made sufficient, bona fide efforts to obey the terms of the probation order." *Id.* In determining whether to revoke probation after a willful violation, a court must examine whether the probation is achieving the goal of rehabilitation and is consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

---

[1] The State argues on appeal that the court was without jurisdiction to place Nelson on probation because it did so in response to a successive Idaho Criminal Rule 35 motion filed by Nelson, which was not authorized by the Idaho Criminal Rules. According to the State, the district court's order revoking probation "effectively remedied the district court's earlier error in granting Nelson's motion to reconsider the order denying his [initial] Rule 35 motion for sentence reduction." For purposes of this appeal, we will assume, without deciding, that the district court possessed jurisdiction. If the court lacked jurisdiction to place Nelson on probation in the first instance, the outcome of this appeal would be the same.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id.*

On appeal, Nelson argues that his testimony at an evidentiary hearing on the probation violation establishes that his violations were not willful. According to Nelson's testimony, he felt threatened by a person associated with the "Gypsy Jokers" gang. Nelson said the man threatened him and his family and that, for unexplained reasons, Nelson and his wife lived with this threatening man for a period of one or two months. Thereafter, according to Nelson's testimony, he lived with his wife in the state of Washington. Despite this testimony, the district court found Nelson's probation violations were willful. We find no error in this determination. Nelson's testimony, even if believed, did not demonstrate an inability to at least contact his probation officer by telephone during the many months after he was released from jail and before he was arrested for the probation violations. The evidence supports a conclusion that Nelson did not make a bona fide effort to comply with the conditions of his probation.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Nelson's original sentence without modification. Therefore, the order revoking probation and directing execution of Nelson's previously suspended sentence is affirmed.