**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39557**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 618 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 6, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MICHAEL A. GANDENBERGER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. R. Barry Wood, District Judge.

Order revoking probation, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Michael A. Gandenberger appeals from the district court's order revoking his probation and executing the underlying sentence. We affirm.

**I.**

**BACKGROUND**

In November 2010, Gandenberger was convicted of failing to register as a sex offender, Idaho Code §§ 18-8311(1) (2006), 18-8307(4)(a) (2006). In February 2011, the district court imposed a sentence of five years, with one year fixed, but suspended the sentence and placed Gandenberger on probation for five years. In August 2011, a report was filed alleging that Gandenberger was in violation of a term of his probation. The district court found Gandenberger guilty of the violation, revoked probation, and executed the underlying sentence. Gandenberger appeals.

1

## II.

## STANDARDS OF REVIEW

A district court's finding of a probation violation will be upheld on appeal if there is substantial evidence in the record to support the finding. *State v. Sanchez*, 149 Idaho 102, 105, 233 P.3d 33, 36 (2009); *State v. Lafferty*, 125 Idaho 378, 381, 870 P.2d 1337, 1340 (Ct. App. 1994). This "involves a wholly retrospective factual question." *Morrissey v. Brewer*, 408 U.S. 471, 479 (1972). To comply with the principles of due process, "a court may revoke probation only upon evidence that the probationer has in fact violated the terms or conditions of probation." *Lafferty*, 125 Idaho at 381, 870 P.2d at 1340. In the event of conflicting evidence, we will defer to the district court's determinations regarding the credibility of witnesses. *State v. Knutsen*, 138 Idaho 918, 923, 71 P.3d 1065, 1070 (Ct. App. 2003).

## III.

## ANALYSIS

The district court found Gandenberger in violation of the following term of probation:

> I will not initiate, maintain, or establish contact with any person, male or female, under the age of 18 years without the presence of an approved supervisor. The supervisor must be over the age of 21 and be approved by both my supervising officer and therapist.

Gandenberger presents a single issue on appeal: "Whether, absent any substantial and competent evidence that Mr. Gandenberger willfully violated the terms of his probation, the district court's decision to revoke Mr. Gandenberger's probation was in error." Regarding that issue, his arguments are multifaceted. He asserts that a 2012 amendment to Idaho Criminal Rule 33(e) providing that probation shall not be revoked absent a court finding of a willful violation should apply retroactively to his case; that the district court found a willful violation of only being in the "presence" of children and therefore did not understand or appreciate the full term of probation at issue; that no evidence shows, and the district court did not find, that Gandenberger was willfully "without the presence of an approved supervisor"; that there was no substantial or competent evidence that he initiated or established contact with a minor child; and that, prior to the amendment of the rule, for a nonwillful violation to warrant revocation of probation, the court was required to consider alternatives to revocation, which the court did not do.

Several of Gandenberger's claims are without merit because they are based on a parsing of the district court's findings and the term of his probation beyond any reasonable interpretation. At the hearing on the alleged probation violation, the agreement of supervision bearing Gandenberger's signature and initials beside each term was admitted into evidence. Gandenberger's probation officer testified about the procedure for approving a supervisor, and said that no one had applied to be Gandenberger's supervisor or had been approved by either himself or Gandenberger's therapist. Gandenberger's cousin testified that she brought her three-year-old daughter and her five-year-old son to barbeques at Gandenberger's father's house (where Gandenberger also resided) and that Gandenberger "interacted," played and watched movies with the children. Gandenberger's father said that at the barbeques, Gandenberger "kind of chases [the children] around a little bit and plays tag and stuff like that." This is sufficient evidence to support a finding that Gandenberger maintained contact with children outside the presence of an approved supervisor, in violation of the term of probation.

Gandenberger's assertions that the court misapprehended the probationary term and that the court did not find a willful violation of the entirety of that term are not supported by the record. The district court plainly was aware of the content of the term of probation, as it repeated it verbatim at the hearing. The court expressly found that based upon "the uncontroverted testimony, there is unauthorized contact by Gandenberger with the children at the barbeque." The district court also expressly found that neither Gandenberger's therapist nor his probation officer had approved a supervisor. Finally, the district court expressly stated that:

> . . . I believe I did before, but I will again make the finding that the probation violation established by the State here is a willful violation. There is nothing beyond the probationer's control or that his conduct wasn't willful in being present around these children. It's clearly, in my view, a willful violation.

Because we determine that the district court found a willful violation of the term of probation, and that the evidence was sufficient to sustain this finding, we need not address the remaining issues of whether new I.C.R. 33(c) should be given retroactive application or whether the court erred by insufficiently considering alternatives to revocation of probation on a finding of a nonwillful violation.

The district court's order revoking Gandenberger's probation is affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**