**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47617**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 15, 2021** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STEPHANIE SUE HENNING, aka | ) **OPINION AND SHALL NOT** |
| STEPHANIE ANTHONY HENNING, | ) **BE CITED AS AUTHORITY** |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael J. Reardon, District Judge.

Order revoking probation, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Stephanie Sue Henning appeals from the district court's order revoking her probation. Henning argues that her failure to meet the conditions of her probation was not willful, and the district court abused its discretion by stating that its reasons for revoking probation were related to her original crime rather than the probation violation. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Henning pled guilty to two counts of grand theft after an investigation revealed that she had taken approximately $155,000 from her employer over the course of several years. The district court sentenced Henning to a unified sentence of fourteen years with two years determinate on one count and ten years with one year determinate on the other count. After a period of retained

1

jurisdiction, the district court suspended Henning's sentence and placed her on probation for twenty-four years.

As a condition of probation, Henning was required to pay $665[1] per month in restitution to her former employer. Henning lapsed on her payments over several months in 2017, and the State filed a motion for probation violation. Henning admitted to the probation violation, and the district court reinstated her probation. Approximately nine months later, the State again filed a motion for probation violation asserting that Henning had failed to make sufficient payments between the months of May 2018 and January 2019. In total, the State asserted that as of February 2019, Henning was past due on her obligations in the amount of $4,370. Henning submitted a budget she prepared detailing her income and expenses. She admitted that she had not kept up with the required payments, but argued that the violation was not willful because she could not afford to pay any more than she had paid. The State argued that Henning was not reasonably paying as much as she could, as evidenced by unaccounted for excess income in her budget that was not paid as restitution.

The district court concluded that Henning willfully violated her probation by failing to make the required payments and revoked her probation. Henning timely appeals.

## II.

## ANALYSIS

Henning argues that the district court erred by revoking her probation. Specifically, Henning argues her probation violation was not willful as she paid as much as she could afford, and that the district court abused its discretion by stating that it was sentencing her for the original offense.

A district court may revoke probation only upon evidence that the probationer has violated probation. *State v. Lafferty*, 125 Idaho 378, 381, 870 P.2d 1337, 1340 (Ct. App. 1994). A court's finding that a violation has been proved will be upheld on appeal if there is substantial evidence in the record to support the finding. *Id*. In the event of conflicting evidence of the alleged violation, this Court will defer to the district court to determine the credibility of witnesses. *See State v.*

---

[1] Henning was ordered to pay a total of $191,526.14 in restitution in yearly increments of $8,000. While this would set the monthly payment at $665, the district court misstated the monthly amount as $650 at a hearing and later stated that it would not hold Henning responsible for the $15 discrepancy.

*Barton*, 119 Idaho 114, 118, 803 P.2d 1020, 1024 (Ct. App. 1991); *State v. Roy*, 113 Idaho 388, 390-91, 744 P.2d 116, 118-19 (Ct. App. 1987).

Review of a probation revocation proceeding involves a two-step analysis. *State v. Sanchez*, 149 Idaho 102, 105, 233 P.3d 33, 36 (2009); *State v. Knutsen*, 138 Idaho 918, 923, 71 P.3d 1065, 1070 (Ct. App. 2003). First, it is determined whether the terms of probation have been violated. *Sanchez*, 149 Idaho at 105, 233 P.3d at 36. Second, if the terms have been violated, it is then determined whether the violation justifies revocation of the probation. *Knutsen*, 138 Idaho at 923, 71 P.3d at 1070.

**A.      Willful Violation**

Henning argues that her probation violation was not willful. Idaho Criminal Rule 33(f) provides: "The court must not revoke probation unless there is an admission by the defendant or a finding by the court, following a hearing, that the defendant willfully violated a condition of probation." In *State v. Easley*, 156 Idaho 214, 222-23, 322 P.3d 296, 304-05 (2014), the Court explained:

> If a knowing and intentional probation violation has been proved, a district court's decision to revoke probation will be reviewed for an abuse of discretion. However, if a probationer's violation of a probation condition was not willful, or was beyond the probationer's control, a court may not revoke probation and order imprisonment without first considering alternative methods to address the violation.

In the context of fines and restitution, in *Bearden v. Georgia*, 461 U.S. 660, 668-669 (1983), the United States Supreme Court explained the constitutional requirements:

> If the probationer has willfully refused to pay the fine or restitution when he has the means to pay, the State is perfectly justified in using imprisonment as a sanction to enforce collection. Similarly, a probationer's failure to make sufficient bona fide efforts to seek employment or borrow money in order to pay the fine or restitution may reflect an insufficient concern for paying the debt he owes to society for his crime. In such a situation, the State is likewise justified in revoking probation and using imprisonment as an appropriate penalty for the offense. But if the probationer has made all reasonable efforts to pay the fine or restitution, and yet cannot do so through no fault of his own, it is fundamentally unfair to revoke probation automatically without considering whether adequate alternative methods of punishing the defendant are available.

(Footnote and internal citation omitted).

Henning argues that she did not willfully violate her probation, because her failure to pay restitution was due to her indigence. Henning articulates the difficulties she faced, including working a service job in which her income varied and dealing with medical expenses. In finding

that Henning's probation violation was willful, the district court considered her testimony and the budget she submitted. Key to the district court's ruling was the fact that according to Henning's budget, there was unaccounted for surplus income that was not paid toward restitution. In addition, even during months without surplus income, Henning still did not pay as much as she could have, including making payments on a second cell phone and other questionable expenditure choices. Henning argues that there is a lack of substantial evidence of willfulness because her own budget and accounting was a "ballpark" and otherwise inaccurate.

By her own admission, Henning estimated some of her expenses, did not include all of her expenses, and acknowledged that she was not seeking work with a higher and more stable income. Henning did not explain the monthly "surplus" income that occurred as a result of her work as a server or how it was spent. Henning also never moved the district court to reduce the amount of the monthly payments, and counsel acknowledged that Henning may have been able to pay slightly more than she had been paying. Ultimately, the district court found: "The reason [restitution] didn't get paid back is because you chose your own comfort and convenience over making your victims whole." As such, substantial evidence supports the district court's finding that Henning's probation violation was willful.

## B.     Revocation of Probation

The decision whether to revoke a defendant's probation for a violation is within the discretion of the district court. *Lafferty*, 125 Idaho at 381, 870 P.2d at 1340; *see* Idaho Code § 20-222. Thus, we review a district court's decision to revoke probation under an abuse of discretion standard. *Lafferty*, 125 Idaho at 381, 870 P.2d at 1340. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Henning argues that, in revoking her probation, the district court abused its discretion by failing to act consistently with the legal standards applicable to the specific choices available to it and by failing to exercise reason. Specifically, Henning contends that the district court abused its discretion by: (1) making comments that suggest that the district court was resentencing her rather

4

than evaluating revocation; (2) unconstitutionally revoking her probation due solely to her being indigent, and; (3) revoking probation when doing so did not meet the objectives of rehabilitation.

First, the district court did not "resentence" Henning, as she claims, as there was no change in her underlying sentence. Instead, the district court correctly considered that this was Henning's second probation violation for the same problem--failing to make the agreed-upon restitution payments. The district court stated: "You were fortunate that Judge Neville was here the first time, because, frankly, I would have sent you to prison the first time." Thereafter, the district court recounted the "extraordinary" amount of money stolen by "repeated acts of dishonesty." The district court indicated that Henning's opportunity for probation was almost entirely based upon her promise to pay, a promise the district court took seriously. Moreover, the district court again noted that Henning had already been reinstated on probation following the first probation violation and the court thought that Henning would have taken the restitution obligation more seriously. In that context, the district court commented that "[the prosecutor]'s right, this isn't about the probation violation. This is a sentence for the original offense." This, Henning argues, is indicative that the district court was failing to consider whether Henning's probation was meeting the objectives of rehabilitation while also providing protection for society, and was instead resentencing Henning for the original offense. Based on a review of the record, we disagree. The district court's statements, when put in context, are neither inappropriate nor amount to a resentencing. The district court determined that what might be viewed as minor payment violations must be considered in the context of and in relation to the magnitude of Henning's embezzlement and her prior violation. The district court was well within its discretion to consider Henning's promise to pay and the payment violations in the context of the underlying crime and the prior probation violation.

Next, Henning makes several constitutional arguments. However, as Henning notes, these constitutional principles would only come into play if her probation was revoked "due to her indigent status." Because we hold that substantial evidence supports the district court's finding that Henning's failure to pay the agreed amount of restitution was willful and not based on indigency, these arguments fail. *Bearden*, 461 U.S. at 668.

Finally, Henning claims the district court abused its discretion in revoking her probation because revocation did not serve the objectives of rehabilitation. Henning asserts that her failure to pay the amount owed in restitution was due to her struggle to follow a budget and that the

5

appropriate alternative to revocation was instruction and guidance in managing her finances. However, Henning was well aware of her payment obligations and her failure to fulfill those obligations over a number of years, culminating in two probation violation proceedings, all with the possibility of revocation and imprisonment. Her belated realization and request for instruction to overcome money-management inadequacies did not require the district court to implement such an alternative to revocation. The responsibility was Henning's and the district court emphasized the seriousness of her promise to pay to gain the opportunity for probation. Henning has failed to show that the district court abused its discretion in revoking her probation.

## III.

## CONCLUSION

The district court did not err by finding that Henning's probation violation was willful and revoking her probation. Accordingly, we affirm the district court's decision.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.